CROSS, Sheriff, v. GEORGIA IRON & COAL CO.

In re GEORGIA STEEL CO.

(Circuit Court of Appeals, Fifth Circuit. April 9, 1918.)

No. 3193.

1. BANKRUPTCY ⬅️215—COURT OF—POWERS.
    The court of bankruptcy, in the exercise of its equitable powers, may protect the estate of a bankrupt, which was in its custody, from a fraudulent and excessive assessment.

2. APPEAL AND ERROR ⬅️907(2)—REVIEW—PRESUMPTIONS.
    Where the evidence on which an order was based was not incorporated in the record, it will be presumed that the evidence supports the order.

3. BANKRUPTCY ⬅️215—TAXATION ⬅️317(1)—ASSESSMENT OF TAXES—AUTHORITY OF COURT.
    An assessment of property for taxation can be validly made only by an official or body designated by law to make it, and, while a court of equity may protect a taxpayer from a fraudulent and excessive assessment, a court of bankruptcy, in the exercise of its equitable powers, cannot, having found that the assessment against the estate of the bankrupt was excessive, make an assessment.

Appeal from the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

In the matter of the bankruptcy of the Georgia Steel Company. Petition by the Georgia Iron & Coal Company to enjoin the collection of taxes assessed against the property of the bankrupt. The propriety of the assessment having been submitted to arbitrators, W. H. Cross, Sheriff of Dade County, petitioned for an order that taxes be paid on the assessment made by the arbitrators. From an order finding that the assessment by the arbitrators was excessive, and reassessing the property, W. H. Cross, Sheriff, appeals. Modified and affirmed.

Martin G. Smith, of Trenton, Ga., for appellant.

Daniel W. Rountree and Clifford L. Anderson, both of Atlanta, Ga., for appellee.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. While the properties in Dade county, Ga., of the Georgia Steel Company, a bankrupt, were in possession of a tenant of the trustee in bankruptcy of that company, an execution in favor of the tax collector of Dade county, for the amount claimed to be due from the steel company for state and county taxes for the year 1916, was levied by the sheriff of Dade county on a portion of said properties. On a petition which alleged that the assessment of the

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

properties for the taxes of 1916 was illegal and excessive, the court in which the bankruptcy proceeding was pending enjoined the sheriff from enforcing the execution, directed the trustee in bankruptcy to pay within ten days "such amount as will equal the tax at the rate fixed for 1916, if the property were valued at the amount at which it was voluntarily returned in 1915," and ordered that the question as to whether the assessment should be more than such return and additional taxes paid for 1916 be submitted to arbitration, to be had and proceeded with as provided in a Georgia statute approved August 14, 1913. The court's order contained the following:

"The finding of the arbitration shall be final, except upon good cause shown it may be reviewed by the court."

The amount of taxes based on the assessment of the previous year was paid. Arbitrators were selected pursuant to the court's order, and an award was made by two of the arbitrators, the one selected by the tax receiver and the one appointed by the ordinary of Dade county. This award assessed the steel company's properties in Dade county at $250,000. Those properties were assessed in 1915 at $176,000. In response to a petition by the sheriff for an order that the taxes be paid on the assessment made by the arbitrators, the trustee's tenant set up that the assessment made by the two arbitrators was excessive, and that it was arrived at by improper and unfair means, in that both those arbitrators were prejudiced against the trustee in bankruptcy, and were known to be so prejudiced and biased by the officials who selected them. The court made the following order:

"This matter came on to be heard upon the petition of W. B. Cureton, tax collector, and the pleadings filed in response thereto, and, after the introduction of evidence by the respective parties and after hearing from counsel for the parties: It is considered, ordered, and adjudged by the court that the assessment of the properties at $250,000 for the year 1916 is unreasonable, excessive, and confiscatory. It is further ordered and adjudged that an assessment of $175,000 for said property is fair and reasonable. And it appearing that $2,200 has been paid for state and county taxes for the year 1916, based on an assessment of said properties at $176,000, it is further ordered and adjudged that the trustee in bankruptcy be and is hereby directed not to pay any further state and county taxes for the year 1916."

The sheriff appeals from this order. The record does not contain any evidence adduced on the hearing which resulted in the order presented for review.

[1-3] The record does not enable us to conclude that the court was in error in making an order having the effect of preventing the enforcement of the award. As a court of equity it was empowered to protect a taxpayer, whose property was in its custody, from a fraudulent and excessive assessment. Vestel v. Edwards, 143 Ga. 368, 85 S. E. 187. The contrary not appearing, it may be presumed that the allegations affecting the integrity of the award were fully supported by evidence. But we know of no law which supports that part of the order in which the court undertook to make an assessment of the bankrupt's property for the state and county taxes of 1916. An assessment of property for taxation can be validly made only by an official or body designated by law to make it. Cooley on Taxation (3d

Ed.) 596, 600. So far as we are advised that power was not conferred on the court.

Its order will be modified, by striking from it that part of it assessing the properties in question at $175,000. As so modified, the order is affirmed, the costs of the appeal to be taxed, one-half against the appellant, and one-half against the appellee.

Modified and affirmed.