**LUBELL BROS., Inc., et al. v. M. J. L. SHOE SHOPS, Inc., et al.**

No. 4712.

Circuit Court of Appeals, Third Circuit.

Jan. 23, 1932.

Wm. Harris, of Newark, N. J. for appellants.

Samuel M. Hollander, of Newark, N. J., for receivers.

Melvin Albert and Archibald Palmer, both of New York City, for intervening creditors.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

This is an application to the United States Circuit Court of Appeals by Lubell Brothers, Inc., and Michael Cooper, creditors of the Preis Department Store, alleged bankrupt, to superintend and revise a certain order of the United States District Court for the District of New Jersey, appointing a receiver, and an order subsequently entered, denying the motion of William Harris, Esq., attorney for Lubell Brothers, Inc., and Michael Cooper, to dismiss the involuntary petition in bankruptcy and the court's order appointing receivers therein.

Briefly stated, the facts of the case are these: On March 23, 1931, a bill was filed in the Court of Chancery in New Jersey, for the appointment of a receiver for the Preis Department Store, and an order to show cause why a receiver should not be appointed was made returnable on March 25th. On the day following the filing of the bill, viz., on March 24th, an involuntary petition in bankruptcy was filed in the United States District Court for the District of New Jersey against this corporation, and thereupon receivers were appointed. On March 25, 1931, Lubell Brothers, Inc., gave notice to the petitioning creditors that it would move to dismiss the involuntary petition in bankruptcy; the motion being returnable on March 30th. Before the said motion came on to be heard, an amended involuntary petition was presented to the court, and also the petition of certain creditors seeking to intervene as creditors of the Preis Department Store. The amended petition and petitions of the intervening creditors were accepted by the court. An order permitting the amendment of the involuntary petition in bankruptcy nunc pro tunc was made. The petition was then denied. On April 13th, a petition and order to amend the involuntary petition nunc pro tunc was filed, and on the same day, said order was signed by Judge Avis.

More than seven months have elapsed since the filing of the petition in bankruptcy, so it can be seen that a dismissal of the petition and other proceedings thereon would mean that the acts of bankruptcy complained of would no longer be within the four months' period required by the Bankruptcy Act § 3 (11 USCA § 21). This would seem to preclude the right of the creditors to pursue their just claims through the medium of the bankruptcy court. The attorney for the appellant seems to realize that their objections are largely technical, but he wishes to nullify all that has been accomplished in the bankruptcy court, and to have the assets turned over to the Chancery Court of New Jersey. The assets of the bankrupt have been sold by the receivers, and the administration of the estate is practically completed. A distribution of the proceeds to the creditors is soon to be made. A consent to adjudication by the bankrupt was filed, and an adjudication thereafter entered and trustees in bankruptcy were duly elected.

Throughout these proceedings, with the exceptions as stated in the grounds of appeal, appellants have entered no objections to the sale of the assets, the administration of the estate, the election of trustees, and other important particulars. It would, therefore, seem too late to undo what has been regularly done. Upon the hearing of the motion to dismiss, the original involuntary petition in bankruptcy was no longer before the court, as the amended petition had been accepted by the court. The right of the court to permit such an amendment cannot be doubted under the authorities, which are very numerous. The point that the claims of London Dress Company and Jacob Homer are not proper, in that they do not allege how they became assignees is immaterial, for the reason that before the petition to dismiss was argued, the Noxall Waist & Dress Company and Joseph Feigenbaum presented petitions as intervening creditors, the validity of which appellant does not contest. Petitions of these intervening creditors were accepted by the court prior to the motion to dismiss the original involuntary petition. It would thus appear that any defects in the original petition were cured by the amended petition, as may be done before the argument to dismiss, and any defect in the number of petitioning creditors was cured by the acceptance of the petitions of the intervening creditors

before the argument to dismiss. The motion to dismiss was therefore correctly denied.

The appellant urged at the argument that the amended petition was illegal, in that an error was negligently made in affixing the stamp of the authority of the notary taking the signature of the party making the affidavit in support of the petition, because the notarial stamp was not affixed thereto. It is not claimed, perhaps, that the petition was not properly sworn to, its irregularity being alleged because of the mere thoughtless act on the part of the notary in not affixing his stamp. The courts, however, viewing such a situation from a practical standpoint, have refused to consider such a defect as fatally defective to proceedings. A number of cases might be cited to support this proposition. The only reason which the appellants assign for vacating the order appointing a receiver in bankruptcy is that jurisdiction was first obtained by the New Jersey Chancery Court. The fact is that the only action taken by the state court was the service of a motion requesting the appointment of a receiver. As no receiver in the chancery proceedings was ever appointed, it would appear that the Chancery Court had taken no jurisdiction. The exercise of comity in cases of concurrent jurisdiction is, of course, true; but where a bankruptcy court is concerned, there can be no concurrent jurisdiction with other courts, for the reason that within its field the bankruptcy court is supreme. Lion Bonding Co. v. Karatz, 262 U. S. 89, 43 S. Ct. 480, 67 L. Ed. 871; In re Bankshares Corporation of United States (C. C. A.) 50 F.(2d) 94; Higginbotham-Bailey-Logan Co. v. International Shoe Co. (C. C. A.) 29 F. (2d) 994.

As it appears that the substantial rights of creditors have been adequately protected, and the assets of the estate conserved in accordance with the rules of the bankruptcy court, the application is therefore denied.