In re O'BRIEN.
No. 483.

Circuit Court of Appeals, Second Circuit.
June 24, 1935.

John W. Ellis, of Ellicottville, N. Y., for appellant.

Hamlet A. Smyth, of Rochester, N. Y., for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

On September 6, 1934, James O'Brien, a farmer residing in Cattaraugus county, N. Y., filed his petition under section 75 of the Bankruptcy Act. 47 Stat. 1470. There was then pending against him in the Supreme Court of New York for Cattaraugus County an action brought by the appellant, the Bank of Ellicottville, to recover on past due promissory notes; and on September 14, 1934, the bank obtained judgment in said action by default. The judgment was forthwith filed and docketed in the county clerk's office, thereby becoming by state law

a lien upon the debtor's property. Thereafter the debtor made a composition proposal to his creditors which the district court confirmed. The money necessary for the composition was to be raised by a loan from the Federal Land Bank of Springfield secured by mortgage of the debtor's farm. Alleging that the appellant's judgment was a cloud on title which would prevent the making of such mortgage loan and the carrying out of the confirmed composition, the debtor obtained an order that the bank show cause why its judgment should not be released. In response the bank set up by affidavit that no conciliation commissioner for Cattaraugus county had been appointed until after the filing of the bank's judgment in the county clerk's office. After having heard the parties, the court ordered the appellant to discharge or otherwise release the judgment as an apparent lien or cloud on the debtor's property. This is the order appealed from.

■ On the face of the statute it is entirely clear that Congress intended the bankruptcy court to have exclusive jurisdiction over the farmer's property from the moment he should file a petition for relief under section 75. This is inferentially shown by the final sentence of subsection (e), § 75, 11 USCA § 203 (e), and is expressly stated by subsection (n), § 75, 11 USCA § 203 (n), which provides: "(n) The filing of a petition pleading for relief under this section shall subject the farmer and his property, wherever located, to the exclusive jurisdiction of the court. In proceedings under this section, except as otherwise provided herein, the jurisdiction and powers of the court * * * and the rights and liabilities of creditors, and of all persons with respect to the property of the farmer * * * shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the farmer's petition or answer was filed." And subsection (o), § 75, 11 USCA § 203 (o), specifically declares that neither proceedings affecting title nor proceedings for the recovery of any debt shall be instituted or, if already instituted, maintained against the farmer or his property at any time after the filing of the petition and prior to the confirmation or other disposition by the court of the composition or extension proposal. These provisions put it beyond debate that after the filing of the farmer's petition no creditor was to be permitted to better his position by litigation in another court. See Bradford v. Fahey, 76 F.(2d) 628, 637 (C. C. A. 4); In re Dickinson, 9 F. Supp. 227, 229 (D. C. Wyo.); Eaves v. Glenn, 9 F. Supp. 647, 648 (D. C. N. D. Tex.). Hence the bank's judgment improperly taken after O'Brien had filed his petition in the court below cannot impose any valid lien on the debtor's property. It is, however, an apparent lien, and if, as alleged, such cloud on title will prevent the carrying out of the composition proposal which the court has confirmed, it can scarcely be doubted that the court has power to direct the bank to do whatever may be necessary to remove or release the cloud on title. See Bankr. Act § 2 (15), 11 USCA § 11 (15). Although no precise authority has been found, analogies illustrative of the bankruptcy court's inherent power to enter a wide variety of orders affecting the debtor's property within its exclusive jurisdiction are not lacking. See, e. g., Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243, 90 A. L. R. 1215; White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183; In re Reiter, 58 F.(2d) 631 (C. C. A. 2); Cross v. Georgia Iron & Coal Co., 250 F. 438 (C. C. A. 5); Dearborn Electric Light & Power Co. v. Jones, 299 F. 432 (C. C. A. 8).

■ The appellant's first contention is that the court had no jurisdiction to make the order appealed from because (a) the debtor's petition for relief under section 75 was not verified, and (b) no conciliation commissioner for Cattaraugus county had previously been appointed. The statute does not expressly declare that the debtor's petition must be verified but we shall assume, as does official Form No. 65 (11 USCA following section 53), that verification is required. But this is merely a procedural matter and the absence of proper verification is not a jurisdictional defect, as has frequently been held with respect to petitions filed under other provisions of the Bankruptcy Act. Leidigh Carriage Co. v. Stengel, 95 F. 637, 641 (C. C. A. 6); Green River Deposit Bank v. Craig, 110 F. 137 (D. C. W. D. Ky.); In re Chequasset Lumber Co., 112 F. 56 (D. C. S. D. N. Y.); Lubell Bros. v. M. J. L. Shoe Shops, 56 F.(2d) 158, 159, 160 (C. C. A. 3). See also, as to petition for discharge, In re Taylor, 188 F. 479, 483 (D. C. N. D. Ala.); E. H. Godshalk Co. v. Sterling, 129 F. 580, 582 (C. C. A. 3). The second branch of

the argument is based on Order 50, rule 2, of the General Orders in Bankruptcy (11 USCA following section 53), which provides among other things that the petition for relief under section 75 "shall not be granted unless a conciliation commissioner for such county * * * has previously been appointed." This does not forbid the filing of a petition but the granting of it. Under subsection (n) the exclusive jurisdiction of the bankruptcy court over the farmer and his property attaches upon the filing of his petition for relief. A general order could not limit the jurisdiction conferred by statute; nor does this order purport to. It does not deal with jurisdiction but with practice; in effect it directs the court to hold a pending cause in abeyance until a conciliation commissioner has been appointed. In so far as In re Osterritter, 3 F. Supp. 674 (D. C. S. D. Tex.), implies that appointment of a conciliation commissioner is a condition precedent to the filing of a petition under section 75, we cannot agree with the opinion. The contention that the court lacked jurisdiction to make the order is groundless.

The appellant urges that the order was erroneous because based on a composition proposal which the court could not legally confirm as the consideration to be paid by the farmer to his creditors had not been deposited pursuant to section 75 (g), Bankr. Act, 11 USCA § 203 (g) and General Order 50, rule 6 (11 USCA following section 53). But whether the order of confirmation was correct has become wholly immaterial. The alleged defect was not jurisdictional, and the appellant's remedy was to appeal from the order of confirmation and not to attack it collaterally in the present appeal. Compare In re Williams Supply Co., Inc., 77 F.(2d) 909, June 10, 1935 (C. C. A. 2); Oriel v. Russell, 278 U. S. 358, 49 S. Ct. 173, 73 L. Ed. 419; In re Lans, 158 F. 610 (C. C. A. 2). Nor would it matter if the composition had never been confirmed. As already shown, the bankruptcy court's exclusive jurisdiction dates from the filing of the petition, and any cloud on title created thereafter by a creditor should be removed if the court thinks it will impede its administration, in accordance with section 75, of the farmer's property. This reasoning will likewise dispose of the appellant's further point that the composition had never been accepted by a majority in number and amount of the debtor's creditors.

An attack is made upon the constitutionality of section 75, but upon grounds which appear to have so little merit that it is not necessary to state them.

The order is affirmed.