### In re LANG BODY CO.

### BOYLE, County Treasurer, v. HIPP.

### No. 7613.

Circuit Court of Appeals, Sixth Circuit.

Oct. 11, 1937.

Neil W. McGill and Abraham M. Braun, both of Cleveland, Ohio (Frank T. Cullitan, of Cleveland, Ohio, on the brief), for appellant.

Merritt A. Vickery, of Cleveland, Ohio (Douglas C. Macdonald, of Cleveland, Ohio, on the brief), for appellee.

Before HICKS and ALLEN, Circuit Judges, and MARTIN, District Judge.

HICKS, Circuit Judge.

The assets of the bankrupt, the Lang Body Company, consisted of 5 acres of land upon which were its factory buildings and a railroad switch. The land and buildings were appraised in the bankruptcy proceedings on January 8, 1936, at $255,403. The bankrupt also had $10,497 in cash and other assets worth about $1,374.14. Its liabilities consisted of one obligation of approximately $40,000 and the real estate taxes due appellant Boyle, treasurer of Cuyahoga county, Ohio, for the years 1931 to 1935, inclusive.

The taxes claimed by appellant were as follows: For 1931, $11,835.99; for 1932, $10,586.81; for 1933, $9,688.20; for 1934, $9,688.20; and for 1935, $10,368.64. Hipp, the trustee in bankruptcy, objected to the allowance and payment of these claims upon the ground that the valuations upon which the taxes were based were grossly excessive and beyond the true value in money of the property assessed. The city of Cleveland intervened because the premises were within the city and a portion of the taxes involved was due it.

The referee reduced the claims as follows: For 1931, to $5,290.92; for 1932, to

$5,290.92; for 1933, to $5,731.83; for 1934, to $5,731.83; and for 1935, to $6,134.40; and ordered that these amounts so reduced should be paid by the trustee and should have priority. The District Court confirmed the order of the referee; hence this appeal.

If a taxpayer should be dissatisfied with the assessment made by the auditor he may make complaint before the County Board of Revision (section 5580 of the General Code of Ohio); thence to the Tax Commission of the state (section 5610); and finally, by petition, to the court of common pleas, (section 5611-2). It is conceded that neither the bankrupt nor the trustee availed themselves of these statutory remedies.

It is further conceded that appellee is not justified in seeking a reduction of the claims solely upon the ground that they are too high. Appellee does not charge the auditor with any fraudulent purpose or design to overvalue the bankrupt's property, but his insistence is that the assessments were so grossly excessive as to be unreasonable, and were therefore invalid, illegal, and destructive of the bankrupt's property rights.

The taxpayer's contention, if sustained by the proof, is sound both in law and equity [Great Northern Ry. Co. v. Weeks, 297 U.S. 135, 139, 56 S.Ct. 426, 428, 80 L.Ed. 532; Dickinson v. Riley, 86 F.(2d) 385, 387 (C.C.A. 8)] and the court certainly had jurisdiction by virtue of section 64a of the Bankruptcy Act as amended 11 U.S.C.A. 104(a). We find, therefore, no occasion to discuss the jurisdiction of the court generally under this section. The simple question is, whether the assessments were so unreasonably excessive as to be illegal.

The applicable constitutional provision of Ohio (article 12, § 2) is: That "Land and improvements thereon shall be taxed by uniform rule according to value." Section 5554 of the General Code provides that the auditor "shall determine, as near as practicable, the true value of each separate tract and lot of real property. * * * He shall note * * * separately, the value of all dwelling houses, mills and other buildings, * * * which shall be carried out as part of the value of such tract."

Appellee is not dissatisfied with the valuation placed by the auditor upon the land, but his sole contention is over the valuation of the buildings. So far as we have been able to ascertain there has been no clear definition by the Ohio Supreme Court of the term "true value in money." However, in Cummings v. National Bank, 101 U.S. 153, 162, 25 L.Ed. 903, the court said, with reference to the Ohio constitutional provision: "The phrases 'saleable value,' 'actual value,' 'cash value,' and others used in the directions to assessing officers, all mean the same thing, and are designed to effect the same purpose."

And in Adams Express Co. v. Ohio State Auditor, 166 U.S. 185, 220, 17 S.Ct. 604, 606, 41 L.Ed. 965, the court said: "Now, it is a cardinal rule, which should never be forgotten, that whatever property is worth for the purposes of income and sale it is also worth for purposes of taxation."

See, also, Great Northern Ry. Co. v. Weeks, supra, 297 U.S. 135, at page 139, 56 S.Ct. 426, 428, 80 L.Ed. 532.

The assessed valuation of the property for 1930 was $423,630. This assessment is not questioned either by the bankrupt or its trustee. Since then there has been a total reduction in the assessments upon the buildings of $131,860, to wit: For 1931, $42,-360; for 1932, $38,130; and for 1933, $51,-470. Similar reductions were made in the valuations of all other property in Cuyahoga county for the years involved according to uniform rates of percentage.

The bases for these reductions do not appear in the evidence, but we may safely assume, with the referee and the judge, that they were due to the economic depression generally prevalent. There is a possibility or even a probability that after these reductions the valuations for the years involved were "high." But we are not called upon to determine that question, if indeed it could be determined with mathematical precision. See Cross v. Georgia Iron & Coal Co., 250 F. 438 (C.C.A. 5).

We are not called upon by the pleadings or by a most liberal construction of section 64a, Bankr.Act as amended 11 U.S.C.A. § 104(a), to review the valuations fixed by the assessor solely upon the ground that appellee trustee feels that they are higher than they should have been. As pointed out above, the state has established a comprehensive procedure for protecting the taxpayer from such contingency. The auditor was the state's officer, selected no doubt with full reliance upon his sound judgment, integrity, and peculiar capacity for the performance of his duties. The law

presumes that he discharged his duty, and it is conceded that the assessments made by him are prima facie correct and that the burden of showing that they transgressed all reasonable limits, in derogation of the trustee's rights in the property, was upon appellee. Great Northern Ry. Co. v. Weeks, supra, 297 U.S. 135, at page 139, 56 S.Ct. 426, 428, 80 L.Ed. 532; Louisville & Nashville R. R. Co. v. Greene, 244 U.S. 522, 537, 37 S.Ct. 683, 61 L.Ed. 1291, Ann. Cas.1917E, 97.

The resultant assessments, after the various reductions, were characterized by the referee "as arbitrarily made on general considerations only." He found further that "neither the appraisal nor the reductions of the percentages stated were based upon or took into consideration any elements or characteristics peculiar to this property."

In his memorandum the judge stated that: "The fact of depression appears to have received cautious recognition in arbitrary but unduly conservative reduction in value for two of the years, but this reflected neither decline in market value nor lowering of income or potential earning power."

We cannot agree that the assessments were clearly shown to be arbitrary or the reductions too conservative. We think too little weight was accorded the presumption that the assessments were valid and to the nature of the proof required to break them down. It is shown that the reduced valuations were responsive to the effects of the depression, but it is true beyond doubt that there were many elements affecting values to be taken into consideration. We need not enumerate nor classify them. We do not think that it was sufficiently shown that they were disregarded.

With reference to an assessment of taxes made by a "State Board of Equalization and Assessment," the Supreme Court in Chicago, B. & Q. Ry. Co. v. Babcock, 204 U.S. 585, 598, 27 S.Ct. 326, 329, 51 L.Ed. 636, said: "But the action does not appear to have been arbitrary except in the sense in which many honest and sensible judgments are so. They express an intuition of experience which outruns analysis and sums up many unnamed and tangled impressions,—impressions which may lie beneath consciousness without losing their worth. The board was created for the purpose of using its judgment and its knowledge."

See, also, Sunday Lake Iron Co. v. Wakefield, 247 U.S. 350, 353, 38 S.Ct. 495, 62 L.Ed. 1154.

It cannot be fairly said that the same rate of reduction upon all properties in the county was arbitrary, because, for aught that appears, the auditor may have concluded that this was a reasonable way to arrive at uniformity.

We do not undertake an analysis of the evidence. Appellee introduced the testimony of credible, expert witnesses which, if believed, would tend to support his contention. Upon the other hand, appellant introduced equally credible, expert witnesses whose testimony if accepted, would refute it. We have examined the evidence in the aggregate in connection with the presumption in favor of the validity of the tax claims. This presumption is entitled to great weight. The assessments were made by an honest, capable, and disinterested auditor under his official oath and at legally designated times.

For this reason the evidence necessary to invalidate the assessments as unreasonable should be of greater probative force than a mere preponderance. Pittsburgh, etc., Ry. Co. v. Backus, 154 U.S. 421, 436, 14 S.Ct. 1114, 38 L.Ed. 1031. It should be "clearly" established. Great Northern Ry. Co. v. Weeks, supra, 297 U.S. 135, 56 S.Ct. 426, 80 L.Ed. 532; Sunday Lake Iron Co. v. Wakefield, supra, 247 U.S. 350, 353, 38 S.Ct. 495, 62 L.Ed. 1154. The presumption in favor of validity should be overcome by "clear and convincing evidence." Appeal of Metropolitan Edison Co., 307 Pa. 401, 161 A. 303. See, also, In re Gould Mfg. Co., 11 F.Supp. 644, 653 (D.C.); Cooley on Taxation, Vol. III (4th Ed.) par. 1199.

In San Diego Land Co. v. National City, 174 U.S. 739, 754, 19 S.Ct. 804, 810, 43 L. Ed. 1154, the court said: "But it should also be remembered that the judiciary ought not to interfere with the collection of rates established under legislative sanction, unless they are *so plainly and palpably unreasonable* as to make their enforcement equivalent to the taking of property for public use without such compensation as, under all the circumstances, is just, both to the owner and to the public; that is, judicial interference should never occur, unless the case presents, *clearly and beyond all doubt,* such a flagrant attack upon the rights of property, under the guise of regulations, as to compel the court to say that the rates prescribed will necessarily have

the effect to deny just compensation for private property taken for the public use." (Italics ours.)

In Chicago, B. & Q. Ry. Co. v. Babcock, supra, 204 U.S. 585, 598, 27 S.Ct. 326, 329, 51 L.Ed. 636, the court used the following apposite language: "We are of opinion that, whatever grounds for uneasiness may be perceived, *nothing has been proved so clearly and palpably as it should be proved*, on the principle laid down in San Diego Land & Town Co. v. National City, 174 U. S. 739, 754, 19 S.Ct. 804, 43 L.Ed. 1154, in order to warrant these appeals to the extraordinary jurisdiction of the circuit court." (Italics ours.)

Entertaining the view that appellee's claim was not sustained by the nature and quantum of evidence required, we think the order of the District Court was erroneous.

■ It is urged upon us that we should not overturn the concurrent findings of the referee and the judge. We are not required, however, to adhere strictly to this rule, because the facts arrived at by the referee and the judge were largely inferences and deductions which from our viewpoint resulted in an erroneous conclusion. Ohio Valley Bank Co. v. Mack, 163 F. 155, 158, 24 L.R.A.(N.S.) 184 (C.C.A. 6); Elbro Knitting Mills v. Schwartz, Trustee, 30 F.(2d) 10 (C.C.A. 6).

The order of the District Judge is set aside, and the case remanded to the District Court for further proceedings consistent herewith.