### In re OCEANSIDE ESTATES, Inc.
### No. 47322.

United States District Court
E. D. New York.
May 21, 1948.

Max Schwartz, of Brooklyn, for debtor.

Solomon Safter and Harold S. Kohn, both of New York City (M. Willner, of New York City, of counsel), for Milton S. Bergman.

ABRUZZO, District Judge.

This is a motion for an order to set aside and reverse Referee Warner's order of March 29, 1948, while the debtor in a companion motion moves to dismiss the petition seeking to set aside the Referee's order.

The movant seeking to set aside the Referee's order entered a judgment in favor of Milton S. Bergman and Norma Bergman in the Supreme Court of Nassau County on October 27, 1947, in the sum of $3,565 at 3:26 p. m. On the same date, a petition for arrangement was filed in the above entitled action under Chapter XI, Section 322, of the Bankruptcy Act, 11 U.S.C.A. § 722, in this Court at 9:18 a. m. The lien against the property of the debtor in possession, therefore, was entered after the petition for arrangement was filed and must be nullified. Thus, when bankruptcy was adjudicated, the sequestration reached all property of the debtor and became operative from the institution of the proceeding, to wit, at 9:18 a. m. on October 27, 1947. State Bank of Chicago v. Cox, 7 Cir., 143 F. 91; In re O'Brien, 2 Cir., 78 F.2d 715; Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405.

The Referee's order was proper. I, therefore, deny the motion for an order setting aside and reversing the Referee's order of March 29, 1948, and grant the motion to dismiss on the merits the petition to review the Referee's order.

Submit order on two days notice.