E. L. "BUNCH" HULLET, INC., a corporation, Bankrupt, Appellant,

v.

UNIVERSAL C.I.T. CREDIT CORPORATION, Appellee.

Matter of E. L. "BUNCH" HULLET, INC., a corporation.

No. 5770.

United States Court of Appeals Tenth Circuit.

Sept. 26, 1958.

Kenneth G. Speir and J. Rodney Stone, Newton, Kan. (Vernon A. Stroberg and Herbert H. Sizemore, Newton, Kan., on the brief), for appellant.

Milton Zacharias and Robert Martin, Wichita, Kan. (Kenneth H. Hiebsch, Wichita, Kan., on the brief), for appellee.

Before MURRAH, PICKETT, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellee, Universal C.I.T. Credit Corporation,[1] brought involuntary bankruptcy proceedings against appellant, E. L. "Bunch" Hullet, Inc., a corporation engaged in the automobile business at Newton, Kansas. A receiver was appointed, the estate liquidated, the claims of creditors paid, the balance of the assets ordered turned back to the corporation, and the receiver ordered discharged upon compliance with certain directions of the court. This appeal questions the validity of the bankruptcy and receivership proceedings.

E. L. Hullet was a dealer in Lincoln and Mercury automobiles. C.I.T. made him an unsecured loan of $30,000 and advanced to him $265,439.33 on 83 new and used automobiles under the floor-plan method of financing. Hullet organized the appellant corporation, E. L. "Bunch" Hullet, Inc.,[2] in which he and his wife owned all the stock except for one qualifying share. On April 1, 1957, without notice to or the knowledge of C.I.T. and without compliance with the Kansas Bulk Sales Act,[3] Hullet transferred to the corporation all the assets of his automobile business and the corporation thereafter sold 11 automobiles without remitting to C.I.T. the $36,557.94 due thereon.

On June 12, 1957, Hullet received a self-inflicted gunshot wound from which he died about two months later. The injury to Hullet brought on a series of law suits which terminated in the bankruptcy and receivership now under consideration. C.I.T. filed two actions in Kansas state courts and by attachment and garnishment took possession of the assets of the corporation. The corporation then brought a state court action against C.I.T., alleging interference with its business, and obtained the appointment of a receiver on an ex parte application.

C.I.T., on June 18, 1957, filed two creditor's petitions in the United States District Court for the District of Kansas, one against the corporation and one against Hullet individually, asking an adjudication of bankruptcy. At the same time, on ex parte applications, a receiver was appointed for the corporation and for Hullet. Thereafter the corporation filed a motion to dismiss and C.I.T. filed a petition for reclamation to recover possession of the automobiles covered by the floor-plan arrangement. When the motion and the petition for reclamation came on to be heard, the court afforded the various parties and their counsel an opportunity to confer. There resulted an agreement, dated June 27, 1957, signed by the corporation, E. L. Hullet, his wife Evelyn Ruth Hullet, C.I.T., and their respective counsel. Therein it was agreed that the petition for reclamation should be granted; that C.I.T. waived any claim for deficiencies with regard to amounts due on the automobiles covered by the floor-plan arrangement; that the other parties would execute and deliver to C.I.T. a note in the amount of $65,011.78 secured by mortgages on real property owned by E. L. Hullet and his wife; that the various state court actions mentioned above would be dismissed; and that funds then held by the receiver appointed in the bankruptcy proceedings against the corporation and funds thereafter coming into his hands as receiver, together with the assets of the corporation, "shall be applied, used and disbursed by him under orders of the United States District Court for the District of Kansas" to pay the claims of the creditors of the corporation, and to pay the balance remaining to C.I.T. for credit against the mentioned note.

This agreement was reported to and later filed with the court. The reclamation petition was granted and the bankruptcy proceedings against E. L. Hullet were dismissed. The required note was executed, delivered and later paid in full by Mrs. Hullet. In due course the assets

---

1. Hereinafter referred to as C.I.T.

2. Hereinafter referred to as the corporation or as the debtor.

3. Kan.G.S.1949, § 58–101.

of the corporation, except for certain accounts receivable, were sold, the debts and expenses of administration paid, the balance of the cash held by the receiver and the accounts receivable were ordered turned over to the corporation, and on October 21, 1957, the receiver was ordered discharged upon performance of the court's directions as to disbursement and distribution. On October 23, 1957, and without permission of the court, the debtor filed an answer to the creditor's petition.

This case presents the anomalous situation of a debtor consenting to the liquidation of its business by a receiver appointed in bankruptcy proceedings and then after such liquidation complaining that the bankruptcy and receivership proceedings were invalid. Such repudiation of a solemn agreement did not appeal to the trial court and does not appeal to this court. In regard to the June 27 agreement, the trial court held that:

"The memorandum of agreement of June 27, 1957 was made in good faith, supported by valid consideration, and was partially performed by both parties without objection. The agreement has been and should be fully enforced by the Court. The parties to the agreement, including the bankrupt and Evelyn R. Hullet, having performed and accepted the benefits of the agreement are estopped to deny the agreement or insist upon the construction or performance contrary to the expressed and unambiguous terms of their contract; * * *."

The court had the duty of sustaining and enforcing the agreement and of protecting the rights of all parties to it unless the agreement had some vitiating in-

firmity.[4] Such an infirmity is said to exist here because of jurisdictional defects in the bankruptcy and receivership proceedings which cannot be cured or waived by agreement of the parties.

The creditor's petition alleged facts which, if true, were sufficient to satisfy the statutory requirements. The court found that the allegations of the petition were established. The record fully sustains the findings of the trial court in all respects.

The debtor contends that the creditor's petition was insufficient because C.I.T. did not have a liquidated claim and because the corporation was solvent. The timely motion to dismiss filed by the debtor did not raise these factual issues as it admitted the facts well pleaded in the petition.[5] The material allegations in the petition not denied or avoided by an affirmative defense are taken as admitted.[6] The June 27 agreement constituted a consent to the involuntary bankruptcy proceedings and, as found by the trial court, was an abandonment of the motion to dismiss. The tender of an answer four months later and after the liquidation of the estate was ineffectual to raise the factual matters now asserted.

Debtor strenuously asserts that it was never insolvent and that this fact is shown by the final accounting of the receiver which discloses that there were assets sufficient to pay all debts and to leave a balance for return to the debtor. The record shows and the court found that the debtor was insolvent on the date of the filing of the creditor's petition. The fact that its financial position was later improved by the voluntary payment by Mrs. Hullet of the note required by the June 27 agreement did not have the

4. Tulsa City Lines v. Mains, 10 Cir., 107 F.2d 377, 380. See also May v. Le Claire, 11 Wall. 217, 78 U.S. 217, 228, 20 L.Ed. 50; Hennessy v. Bacon, 137 U.S. 78, 85, 11 S.Ct. 17, 34 L.Ed. 605; Williams v. First National Bank of Pauls Valley, 216 U.S. 582, 595, 30 S.Ct. 441, 54 L.Ed. 625; J. Kahn & Co., Inc., v. Clark, 5 Cir., 178 F.2d 111, 114.

5. In re Silver, D.C., 109 F.Supp. 200, 203, affirmed 7 Cir., 204 F.2d 259.

6. Rule 8(d), Federal Rules of Civil Procedure, 28 U.S.C.A. made applicable by General Order 37, 11 U.S.C.A. following section 53; Moore v. Linahan, 2 Cir., 117 F.2d 140, 142; and see Collier on Bankruptcy, 14th Ed., Vol. 2, § 18.39, p. 91.

effect of retroactively rendering insufficient the creditor's petition.

 Certain technical matters assertedly going to jurisdiction remain to be mentioned. It is urged that the petition was not properly verified. This court has held that such a defect is not jurisdictional.[7]

 The petition alleges that the creditors are less than 12 in number. The debtor insists that there were more than 12 creditors. It is provided in 11 U.S.C.A. § 95, sub. d that if the answer avers the existence of more than 12 creditors there shall be filed with the answer a list of such creditors. The answer which was finally tendered for filing in this case contained no such list. A defect in regard to the number of creditors may be waived.[8] Here the defect was waived by the June 27 agreement and by the failure to file a timely answer satisfying the requirements of 11 U.S.C.A. § 95, sub. d.

 In connection with its application for the appointment of a receiver to take charge of the property of the debtor, C.I.T. did not file the bond required by 11 U.S.C.A. § 109, sub. a. There is nothing in the record to indicate that this deficiency was ever called to the attention of the trial court. The debtor now urges that the filing of the bond was a condition precedent to the appointment of the receiver and hence the appointment without bond is invalid. Under the statute the purpose of the bond is "to indemnify the bankrupt for such costs, counsel fees, expenses, and damages as may be occasioned by such seizure, taking, and detention of such property." Thus, the bond is for the sole benefit of the person whose property is taken. In its June 27 agreement the debtor expressly agreed to the liquidation of its assets by the receiver under orders of the court. The debtor will not now be heard to say that the proceedings to which it agreed were invalid because of the failure to file a bond, the sole purpose of which was its own protection.

The other points raised in the briefs have been considered but are so lacking in merit as to deserve no discussion.

Affirmed.

---

7. Harris v. Mills Novelty Co., 10 Cir., 106 F.2d 976, 978.

8. General Kontrolar Co. v. Allen, 6 Cir., 124 F.2d 123, 127; In re National Republic Co., 7 Cir., 109 F.2d 167, 170, certiorari denied Arbetman v. Reconstruction Finance Corp., 309 U.S. 671, 60 S.Ct. 614, 84 L.Ed. 1017, rehearing denied 309 U.S. 698, 60 S.Ct. 721, 84 L.Ed. 1037.