**In the Matter of Louis OSTRER, Alleged Bankrupt.**

**No. 63-B-113.**

United States District Court
E. D. New York.
March 14, 1963.

**134**

Schwartz & Duberstein, Brooklyn, N. Y., for alleged bankrupt. Max Schwartz, Brooklyn, N. Y., of counsel.

Cole, Friedman & Deitz, New York City, for petitioner. James G. Starkey, New York City, of counsel.

BRUCHHAUSEN, District Judge.

Motion by Louis Ostrer, the alleged bankrupt, to dismiss the petition, filed on January 25, 1963, by the Meadow Brook National Bank, a creditor.

The Bank, in the petition, alleged that Ostrer committed an act of bankruptcy within the four month period prior to the date of filing the petition in making a preferential transfer or transfers of his property, while insolvent, and that he should be adjudged a bankrupt.

The movant contends that the petition is defective in failing to specify the names of the transferees receiving preferences, the dates of the transfers, the amounts and nature of payment and that the petition sets forth that there are less than twelve creditors, despite the petitioner's knowledge that they numbered more than twelve.

The petition was filed herein on January 25, 1963. Ostrer was charged therein with the commission of an act of bankruptcy in the following language, viz.:

"4. Within four months next preceding the filing of the petition, the said alleged bankrupt committed an act of bankruptcy in that the alleged bankrupt did heretofore, to wit, on or about the 17th day of October, 1962 * * *

"(b) While insolvent transfer property and various moneys amounting in the aggregate to the value or sum of $50,000 to various creditors with intent thereby to prefer such creditors over other creditors of the same class, the names of the creditors receiving such prefer-

ence being unknown to your petitioners * * *."

 A preferential transfer is an act of bankruptcy. The statute defines it as a transfer of property, made by a debtor, while insolvent, to a creditor for an antecedent debt, within four months before the filing against him of the petition initiating the bankruptcy proceeding. The effect of such a transfer is to enable the transferee to obtain a greater percentage of his debt than some other creditor of the same class. 11 U.S.C. §§ 21, sub. a (2) and 96, sub. a(1).

The petitioner, the Bank, seeks leave of the Court to amend the petition. In the opposing affidavits, the Bank sets forth the proposed amendments, the facts leading up to the filing of the petition. Ostrer, the debtor, restricts his reply thereto to the assertion that they are irrelevant and immaterial. In substance, the Bank alleges that on June 14, 1962, it commenced an action against Ostrer in the New York State Supreme Court to recover the sum of $386,948.78 on promissory notes given for loans; that the notes were made, endorsed or guaranteed by Ostrer; that one of the causes of action alleged a fraud perpetrated on the Bank by Ostrer in submitting to the Bank a credit statement, claiming a net worth of over one million dollars whereas his net worth was considerably less; that Ostrer's counsel obtained an extension of time to answer; that settlement negotiations were had; that Ostrer informed the Bank's representative that his only asset of any consequence was the right to future commissions from renewals of insurance policies originally procured by him, which commissions were valued by him at over $50,000 in a credit statement furnished by him to the Bank; that by the middle of October, 1962 Ostrer agreed to factor the commissions and pay to the Bank a lump sum of $50,000; that on or about October 16, 1962 Ostrer's representative informed the Bank's representative that settlement negotiations must be terminated because Ostrer without his knowledge succeeded in factoring the commissions and used

the money to pay another creditor; that the Bank learned that the commissions had been factored with Stratford Financial Corp. and that the name of the creditor to whom Ostrer paid the commission was not disclosed.

A petition, alleging an act of bankruptcy in the broad language of the statute, while not jurisdictionally defective is insufficient and not a good pleading. However, the Court has the power to allow its amendment. South Suburban Safeway Lines, Inc. v. Carcards, Inc., 2 Cir., 256 F.2d 934.

It should be noted that the subject petition was not limited to the statutory language but furnished further details, i. e., that the transfer aggregated $50,000 and occurred on or about October 17, 1962. Those allegations correspond with the proposed amendment to the effect that Ostrer transferred $50,000 to a creditor on or about October 16, 1962.

A pleading, including a petition, may be amended so as to relate back to the date of the original pleading. General Order 37; Section 15(c) of the Federal Rules of Civil Procedure; Bixby v. First National Bank of Elwood, 7 Cir., 250 F.2d 713, certiorari denied 356 U.S. 958, 78 S.Ct. 994, 2 L.Ed.2d 1065; Dworsky v. Alanjay Bias Binding Corporation, 2 Cir., 182 F.2d 803.

The principal issue is whether the Court should grant the Bank's plea to add the proposed amendment to the subject petition, thus relating it back to the date of its filing on January 25, 1963. The petitioner contends that unless the amendment is allowed, nunc pro tunc, it would be obliged to file a new petition, thus placing the $50,000 payment beyond the four months of the new filing date.

Whether or not the amendment should be related back depends upon the facts and the applicable law. Cases in this Circuit are as follows: In re J. P. Linahan, Inc., 2 Cir., 133 F.2d 688; Dworsky v. Alanjay Bias Binding Corporation, 2 Cir., 182 F.2d 803; In re Ideal Mercantile Corporation, D.C., 143 F.Supp. 810, affirmed 2 Cir., 244 F.2d 828, 829; Matter of Segal, Eastern District of New York, August 10, 1954, unreported, file No. Bk-51615, affirmed in 2 Cir., 220 F. 2d 36, referred to therein as Dina Mfg. Co. v. Segal.

In the Linahan case, supra, the petitioner alleged a transfer of $40,000, without further detail. The Court permitted an amendment, related back.

In Dworsky v. Alanjay Bias Binding Corporation, supra, the petitioner alleged the statutory language and a transfer of $1,000, without further detail. The lower Court granted leave to amend. The amendment set forth in detail four transfers, with dates and names of transferees, totaling $1226.34.

The lower Court dismissed the petition and the dismissal was affirmed on appeal.

In the opinion of the Appellate Court, reasons for dismissal and denial of relating back were stated, viz.:

"Under Rule 15(c), an amendment relates back whenever the claim asserted in it 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'

\* \* \* \* \* \*

"Although we may have heretofore [referring to the Linahan case] allowed amendment more freely than we do in this instance, [referring to Dworsky] we believe it necessary to hold that relation back is not permissible under circumstances like those here shown.

\* \* \* \* \* \*

"[W]e look only to the petition and proposed amendment to determine whether, when considered together, they disclose on their face that in the original petition the creditor set forth, or attempted to set forth, the same preferential transfer or transfers ultimately relied upon. This appellant initially alleged preferential transfers in the round sum of $1,000. The four transfers alleged in the proposed amendment neither in part nor in total even approximate this figure. In saying this,

however, we do not mean to suggest that fairly close correspondence of the amount ultimately, to that initially, alleged would alone be an adequate test of amendability. To do so would put a premium on originally guessing at some figure in the hope that at least one transfer of that amount or thereabouts could eventually be discovered.

"No rule of thumb by which all future controversies of this kind may be easily solved can be stated. Fine lines necessarily will have to be drawn sometimes in deciding whether the original allegations and the proposed amendment show on their face sufficient identity of subject matter. This does not, concededly, make for much certainty in decision but is to be preferred to amending the Bankruptcy Act by judicial fiat."

In the case of In re Ideal Mercantile Corporation, supra, it was held that the amendment did not relate back because new acts of bankruptcy were alleged, which became known only subsequent to the filing of the petition.

In the Matter of Segal (Dina Mfg. Co. v. Segal), supra, the petitioner alleged a fraudulent transfer in the language of the statute with the additional allegations that the transfer was made on January 13, 1954 and consisted of real property of the value of $15,000. The amended petition supplemented those allegations with the names of the transferee and the address of the property.

Judge Bruchhausen in the lower Court held that the amendment related back and denied a motion for dismissal. The Court of Appeals affirmed, stating, viz.:

"We agree with Judge Bruchhausen's reconciliation of Dworsky v. Alanjay Bias Binding Corp., 2 Cir., 182 F.2d 803 and Glint Factors v. Schnapp, 2 Cir., 126 F.2d 207, and his holding that the original petition in this case, describing the date, amount, and type of transfer, sufficiently identified the transaction alleged as the act of bankruptcy."

As stated, the original petition herein alleged a preferential transfer of $50,000 made on or about October 17, 1962. The proposed amendment mentions a preferential transfer of $50,000, made on or about October 16, 1962. It is abundantly clear that these allegations refer to the same transaction within the meaning of Rule 15(c) F.R.Civ.P. and in accordance with the decisions.

After careful consideration of the facts and the law, the Court concludes that the Bank's prayer for amendment of the petition, relating it back, should be granted.

The movant urges as his second ground of dismissal that the allegation in the petition that "there are less than twelve creditors of said alleged bankrupt" is contrary to the fact. Ostrer, in his moving affidavit, states that in July 1962, he furnished the Bank's attorneys with a list of fourteen creditors, a copy whereof is annexed to the affidavit. The list contains fourteen names, but no addresses. No amount of indebtedness is stated as to three of the names on the list.

The Bank, in the opposing papers, questions the allegations and points out that the claimed statement predates the petition herein by more than six months. The Bank contends that Ostrer's objection may not be considered by motion but must be made by answer, pursuant to the statute, 11 U.S.C. § 95. That statute provides, in part, as follows:

"(b) Three or more creditors who have provable claims not contingent as to liability against a person, amounting in the aggregate to $500 in excess of the value of any securities held by them, or, if all of the creditors of the person are less than twelve in number, then one or more of the creditors whose claim or claims equal that amount, may file a petition to have him adjudged a bankrupt; but the claim or claims, if unliquidated, shall not be counted in computing the number and the aggregate amount of the claims of the

creditors joining in the petition, if the court determines that the claim or claims cannot be readily determined or estimated to be sufficient, together with the claims of the other creditors, to aggregate $500, without unduly delaying the decision upon the adjudication.

\* \* \* \* \* \*

"(d) If it be averred in the petition that the creditors of the bankrupt, computed as provided in subdivision e of this section, are less than twelve in number, and less than three creditors have joined as petitioners therein, and the answer avers the existence of a larger number of creditors, there shall be filed with the answer a list under oath of all the creditors, with their addresses and a brief statement of the nature of their claims and the amounts thereof, and thereupon the court shall cause all such creditors to be notified of the pendency of such petition and shall delay the hearing upon such petition for a reasonable time, to the end that the parties in interest shall have an opportunity to be heard. If upon such hearing it shall appear that a sufficient number of qualified creditors have joined in such petition or, if prior to or during such hearing, a sufficient number of qualified creditors shall join therein, the case may be proceeded with, but otherwise it shall be dismissed."

In the case of In re Acord Ventilating Company, 7 Cir., 221 F.2d 899, the Court construed the said statute, stating:

"Consequently, whether there are more than 12 creditors becomes utterly immaterial, if three or more qualified creditors join in an amended petition.

\* \* \* \* \* \*

"It follows from these authorities, we think, without question, that the original petition [alleging that there were less than 12 creditors] should not have been dismissed without an answer disclosing that there were more than 12 creditors and simultaneous submission of a list of creditors by the alleged bankrupt, as provided in Sec. 59, sub. d, and that the additional petitioning creditors had a statutory right to join in the petition and become parties to the proceedings, which right it was beyond the authority of the court to deny."

See also Syracuse Engineering Co. v. Haight, 2 Cir., 110 F.2d 468; Security Bank & Trust Co. v. Tarlton, 6 Cir., 294 F. 698, and W. A. Gage & Co. v. Bell, 6 Cir., 124 F. 371.

The motion to dismiss the petition, based on the said second ground is premature. Ostrer has not yet answered the petition nor otherwise complied with the statute.

The motion is in all respects denied and the Bank's plea for amendment of the petition, related back, is granted.