**In the Matter of COUNTRY WOODS ESTATES, INC., Bankrupt.**

**Nos. 79 C 2507 (79 B 2356).**

United States District Court,
E. D. New York.

April 4, 1980.

Louis P. Rosenberg, Brooklyn, N. Y., for appellant.

Corash & Hollender, Staten Island, N. Y., for appellees by Paul M. Hollender, Staten Island, N. Y., for appellees.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This is an appeal from an order of the Bankruptcy Court (Costa, J.) dismissing, without prejudice, an involuntary petition filed against the bankrupt by three petitioning creditors ("appellants"). Appellants filed the petition on August 15, 1979, and appellee, the alleged bankrupt, promptly moved to dismiss essentially on the ground that the petition was not properly verified and therefore legally defective.[1] The alleged defect resulted from the failure of the notary public to fill in "80" in the space provided on the notarial stamp impression for the last two digits of the year in which his commission expires. There was no allegation that the notary was not acting under a valid commission, and in fact the Bankruptcy Judge was provided with an affidavit of the notary and documentary proof that his commission was valid.

At the hearing on the motion to dismiss, appellants made an oral motion to amend the petition, *nunc pro tunc*, to include the proper digits and thereby cure any defect in verification. Believing that he did not have the power to allow such an amendment, the Bankruptcy Judge denied appellants' motion and dismissed the petition as improperly verified and therefore lacking in an essential requirement.

---

1. Appellee also moved to dismiss on the ground that the petition was not joined in by the requisite number of eligible creditors. The Bankruptcy Judge, however, did not rule on this contention, and based his dismissal of the petition solely on the verification objection.

On September 28, 1979, appellee filed a petition for voluntary bankruptcy, which is now pending. Although appellee is therefore again in the Bankruptcy Court, the present appeal is being pressed because appellants seek to avoid an allegedly preferential transfer of property made by the bankrupt on April 17, 1979. This they might be able to do if proceeding under the involuntary petition, which was filed within four months after the transfer, but not under the bankrupt's voluntary petition which was filed more than four months after the challenged transfer.

■ In the opinion of the court, the Bankruptcy Judge erred in his conception of his power in the circumstances and clearly abused his discretion in dismissing the involuntary petition and refusing to permit this obviously inadvertent technical omission to be corrected by amendment. *In re Bieler*, 295 F. 78, 84 (2d Cir. 1923). Although Rule 109 of the Rules of Bankruptcy Procedure provides that "All petitions, schedules, statements of affairs, and amendments thereto shall be verified," verification is not jurisdictional, and defective verification serves only to check the bankruptcy proceedings until a proper verification can be made. *U. S. v. Kramer*, 172 F.Supp. 288 (W.D.Pa.1959), aff'd, 279 F.2d 754 (3d Cir.), cert. denied, 364 U.S. 879, 81 S.Ct. 167, 5 L.Ed.2d 101 (1960); *In re O'Brien*, 78 F.2d 715 (2d Cir. 1935). An irregular verification is generally not fatal to bankruptcy proceedings. *Lubell Bros v. M.J.L. Shoe Shops*, 56 F.2d 158 (3d Cir. 1932); *In re Pancoast*, 129 F. 643 (E.D.Pa. 1904); 2 Collier on Bankruptcy ¶ 20.03, at 255 (14th ed. 1976).

■ The Bankruptcy Court, moreover, has discretion to allow a defective verification to be cured by amendment. *In re Bieler, supra*, at 82; *Georgia Jewelers, Inc. v. Bulova Watch Co.*, 302 F.2d 362, 366 (5th Cir. 1962); *E. L. "Bunch" Hullett, Inc. v. Universal C.I.T. Credit Corp.*, 259 F.2d 685 (10th Cir. 1958). Furthermore, Rule 15, F.R.Civ.P., which is made applicable in adversary bankruptcy proceedings by Rules 121 and 715 of the Rules of Bankruptcy Procedure, provides that leave to amend "shall be freely given when justice so requires." Moreover, bankruptcy petitions may be amended so as to relate back to the date of the original filing, *In re Ostrer*, 216 F.Supp. 133 (E.D.N.Y.1963), and amendments *nunc pro tunc* have been allowed for the specific purpose of affording petitioners the opportunity to avoid an allegedly preferential transfer. *In re Claudon*, 73 F.2d 876 (7th Cir. 1934); *In re Haskell*, 73 F.2d 879 (7th Cir. 1934); *In re Ostrer, supra*.

Accordingly, the dismissal of the involuntary petition is reversed and the case is remanded to the Bankruptcy Court to reconsider the motion to amend in light of this opinion.

SO ORDERED.