**In re MID–AMERICAN LINES, INC., Debtor.**

**PACCAR FINANCIAL CORPORATION, et al., Appellants,**

v.

**MID–AMERICAN LINES, INC., Appellee.**

Civ. A. No. 94–2148–GTV.

Bankruptcy No. 93–22076–7.

United States District Court, D. Kansas.

Feb. 23, 1995.

Stephen B. Sutton, Tonya Olsen Johnston, Gage & Tucker, Kansas City, MO, for Mid–American Lines, Inc.

Kurt A. Stohlgren, Hillix, Brewer, Hoffhaus, Whittaker & Wright, L.L.C., Kansas City, MO, for Paccar Financial Corp., Shughart, Thomson & Kilroy, P.C., Budget Luxury Inns.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case comes before the court on an appeal from an order of the bankruptcy court dismissing the appellants' involuntary bankruptcy petition and denying the appellants' motions for entry of an order for relief and to strike the appellee's answer to the involuntary petition. For the reasons explained below, the decision of the bankruptcy court to dismiss the appellants' involuntary bankruptcy petition is reversed. The decision of the bankruptcy court to deny the appellants' motions for entry of an order for relief and to strike the appellee's answer to the involuntary petition is affirmed.

### I. Standard of Review

■ In reviewing the decisions of the bankruptcy court, the district court must accept the factual findings of the bankruptcy court unless they are clearly erroneous. *Virginia Beach Federal Sav. & Loan Ass'n v. Wood,* 901 F.2d 849, 851 (10th Cir.1990); *Matter of Tri–State Equip., Inc.,* 792 F.2d 967, 970 (10th Cir.1986). The district court, however, must review the bankruptcy court's legal conclusions *de novo. Wood,* 901 F.2d at 851; *Tri–State Equip., Inc.,* 792 F.2d at 970. The questions before us do not concern factual disputes and thus are considered *de novo.*

### II. Factual Background

Mid–American Lines, Inc. (Mid–American), a motor common carrier, filed a voluntary petition under Chapter 11 on January 6, 1992. Shortly thereafter Mid–American engaged A.C. Services, Inc. (A.C.) to audit its accounts receivable and attempt to collect outstanding freight bills and contest charges which A.C. could identify as incorrect. Under the contract, approved by the bankruptcy court, A.C. would retain 50% of any amount it collected on Mid–American's behalf. Mid–American later filed for dismissal of the voluntary action because its assets were de minimis. The IRS moved to convert the case to Chapter 7 because the debtor was unable to effectuate a confirmable plan, there was no reasonable likelihood of rehabilitation, and the debtor had unreasonably delayed to the prejudice of creditors. The U.S. Trustee moved to convert or dismiss the Chapter 11

case because of lack of assets and failure of the debtor to provide required financial records.

The court granted dismissal, and on June 8, 1993, A.C. moved to set aside the dismissal. The collection agency estimated that $1 million in disputed claims could be collected on behalf of the bankrupt estate. In order to collect those funds, however, it was necessary that the bankruptcy proceeding continue as it extended the prescriptive period imposed by the Interstate Commerce Commission for commencing actions to recover freight charges. A.C.'s motion was denied for lack of standing.

On October 26, 1993, appellants, all creditors of Mid–American, filed the involuntary petition, pursuant to 11 U.S.C. § 303, which is at issue here. The creditors did not sign and verify the petition as required by Fed. R.Bankr.P. 1008 and Official Bankruptcy Form 5, but the petition was signed by their attorney. The attorney who filed the involuntary petition had formerly represented A.C. in its motion to set aside the Chapter 11 dismissal. Allen Freight Lines, Inc., a 30% shareholder of the debtor and its largest creditor, answered the involuntary petition on November 26, 1993, but withdrew the answer on November 30, 1993. No other answer was submitted by the debtor within the time frame prescribed by Fed.R.Bankr.P. 1011.

Although the debtor did not timely respond to the involuntary petition, the bankruptcy court sua sponte extended the response time by ten days in the interests of equity. On December 3, 1993, the court sent a "Notice to Parties–In–Interest of Pending Involuntary Petition" to all of the creditors involved in the bankruptcy proceeding indicating that "unless an answer or other responsive pleading is filed within ten (10) days of the date hereof, an Order for Relief Under Chapter 7 of Title 11, United States Code, will be entered herein." (Case No. 93–22076–7). The Debtor filed an answer on December 13, 1993.

On January 19, 1994 a hearing was held on a number of motions. At that time the bankruptcy court dismissed the involuntary petition sua sponte indicating that the petition was defective in that it had not been signed by the appropriate creditors. It further denied appellants' motions that the court order the relief requested in the petition and strike the appellee's answer to the involuntary petition.

### III. Discussion

#### A. Dismissal of the Involuntary Petition as Defective

Fed.R.Bankr.P. 1008 indicates that all petitions shall be verified (an unsworn declaration as provided in 28 U.S.C. § 1746 may be substituted). Official Bankruptcy Form 5 for filing an involuntary petition requires the signatures of the petitioners as verification along with the signature(s) of their attorney(s). The bankruptcy court held that the lack of verification by the petitioners rendered the petition defective and, on that basis, dismissed the petition.

A number of circuit courts, including the Tenth Circuit, have indicated that defective verification is not a jurisdictional issue and can be cured. See E.L. "Bunch" Hullet, Inc. v. Universal C.I.T. Credit Corp., 259 F.2d 685, 689 (10th Cir.1958); United States v. Vanderberg, 358 F.2d 6, 8 (7th Cir.1966); Georgia Jewelers, Inc. v. Bulova Watch Co., 302 F.2d 362, 366 (5th Cir.1962). Although these cases were all decided under the old Bankruptcy Act rather than the modern Code, they are still relevant because the procedural requirement that an involuntary petition be verified by the petitioning creditors was the same. Still other courts have ruled that if an attorney signs a petition with the approval of the creditors, that signature is sufficient, particularly when time is of the essence. See In re Paul A. Closkey, Inc., 391 F.2d 919 (3d Cir.1968); In re Raymark Indus., Inc., 99 B.R. 298, 300 (Bankr.E.D.Pa. 1989); In re South Florida Title, Inc., 92 B.R. 548, 549 (Bankr.S.D.Fla.1988). These cases demonstrate that absence of proper verification does not deprive a bankruptcy court of jurisdiction over the petition.

This court finds it unnecessary to decide whether lack of verification may in some cases result in dismissal of the petition. In the interests of equity, it would be unfair to affirm dismissal of the petition in this case as

being defective on its face when the notices issued by the bankruptcy court may have contributed to the petitioners' reliance on the validity of the filing. When the bankruptcy court extended the appellee's time to respond to the petition, it notified all creditors of the existence of the petition. In that notice the court indicated that unless response to the petition was received in ten days it would grant the petitioners' request for relief. In doing so, the court may have led the petitioning creditors to believe that the petition was considered valid by the court. Although, as the appellee points out, the bankruptcy court dismissed the involuntary petition without prejudice, refiling in this case would seriously hamper the opportunity to contest freight charges on behalf of the estate because of the regulatory time limitations.

■ This court concludes that because lack of verification has not been found to be a jurisdictional bar, and because the bankruptcy court's notice of December 3, 1993 lent credence to the validity of the involuntary. petition, the appellants should be allowed to amend the petition. Support for allowing amendment can be found in Fed.R.Bankr.P. 1018 which indicates that when involuntary petitions are contested, Fed.R.Bankr.P. 7015 applies concerning amended and supplemental pleadings. Rule 7015 in turn incorporates Fed.R.Civ.P. 15 which allows a party to amend its pleading by leave of the court, and further indicates that "leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a).

**B. Denial of Motions to Order Relief Requested and Strike Appellee's Answer to the Involuntary Petition**

■ Appellants argue that the bankruptcy court erred in extending the time allowed for the appellee to respond to the involuntary petition. Fed.R.Bankr.P. 1011 provides that defenses or objections to an involuntary petition shall be filed within twenty (20) days after service of the summons. Further, Fed. R.Bankr.P. 1013(b) states:

> If no pleading or other defense to a petition is filed within the time provided by Rule 1011, the court, on the next day, or as soon thereafter as practicable, shall enter an order for the relief requested in the petition.

The appellants maintain that, based on these rules, the court was obligated to grant the relief requested in the petition and strike the appellee's response as untimely.

■ The bankruptcy court indicated that it extended the appellee's response time because it was concerned about possible improprieties in the filing of the involuntary petition. Because the attorney who had formerly represented A.C. in its efforts to set aside the earlier dismissal of the Chapter 11 proceeding was the same attorney filing the involuntary petition, the court thought it would be best, in the interests of equity, to notify all parties concerned that an involuntary petition had been filed. The Bankruptcy Code grants broad powers to the bankruptcy court to act when equity demands:

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105. Because the court had concerns about a possible abuse of process, it acted well within its discretion in noticing all parties that a petition had been filed and extending by ten days the time in which to respond to that petition.

The court concludes that the bankruptcy court abused its discretion in dismissing the appellants' involuntary petition without giving petitioners an opportunity to file an amended petition conforming to the requirements of Fed.R.Bankr.P. 1008 and Official Form 5. The bankruptcy court, however, did not abuse its discretion in denying the appellants' motion for entry of an order for relief requested in the petition and motion to strike the appellee's answer to the involuntary petition.

IT IS, THEREFORE, BY THE COURT ORDERED that the bankruptcy court's order dismissing the involuntary petition is vacated and the case is remanded to the bank-

ruptcy court for further proceedings in conformity with this order.

IT IS FURTHER ORDERED that the bankruptcy court's order denying appellants' motions for entry of an order for relief and to strike appellee's answer to the involuntary petition is affirmed.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**