### GILBERTSON v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1909.)

No. 1,510

1. BANKRUPTCY (§ 491*)—DEFENSES—CONCEALMENT OF PROPERTY FROM TRUSTEE.

A charge against a bankrupt of concealing property belonging to the estate from his trustee cannot be sustained without a bankruptcy adjudication, though the proof establishes a flagrant concealment of the property from the trustee de facto.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 491.*]

2. BANKRUPTCY (§ 49*)—ORDER OF REFERENCE—SIGNING BY DEPUTY CLERK.

Under Rev. St. § 558 (U. S. Comp. St. 1901, p. 452), authorizing the appointment of a deputy district court clerk, such clerk has power to perform all ministerial acts of the clerk as his principal, including the power to make an order of reference on the filing of a voluntary bankruptcy petition.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 49.*]

3. BANKRUPTCY (§ 51*)—ADJUDICATION—COLLATERAL ATTACK.

Under Bankr. Act July 1, 1898, c. 541, § 2, 30 Stat. 545, 546 (U. S. Comp. St. 1901, p. 3420), providing that federal District Courts for the exercise of bankruptcy jurisdiction are always open, without special terms, the jurisdiction of a court in voluntary cases completely attaches on the filing of the debtor's petition, stating a cause for adjudication within the act; and hence a reference of such proceedings to and adjudication by the referee, though erroneous and voidable on review, is not subject to collateral attack or contradiction or impeachment of the record.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 51.*]

4. BANKRUPTCY (§ 49*)—JURISDICTION—ABSENCE OF JUDGE—RECITALS.

A recital in an order of reference in a voluntary bankruptcy proceeding that the District Judge was absent from the district when the petition was filed did not affect the jurisdiction of the court, which attached on the filing of the petition to adjudge the petitioner a bankrupt, but related only to the course of procedure within such jurisdiction, and was therefore not open to collateral attack.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 49.*]

In Error to the Circuit Court of the United States for the Western District of Wisconsin.

E. E. Higbee, for plaintiff in error.

William G. Wheeler, for the United States.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEAMAN, Circuit Judge. The plaintiff in error was convicted, on trial in the District Court, under a charge of concealing from his trustee in bankruptcy, while a bankrupt, property belonging to the estate in bankruptcy, in violation of Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), and reversal of the judgment is sought by this writ of error. In various forms the assignment of errors states two grounds of complaint—first, that the adjudication of bankruptcy in evidence was invalid; and, second, that prosecution for the charge was barred by limitation. No ground for limitation is mentioned in brief for argument, and none appears in the record. The other assignment, however, distinctly raises the question whether the bankruptcy adjudication, on which the criminal charge rests, is void for either cause set up on behalf of the plaintiff in error. It is so contended, upon undisputed premises of fact, and the trial court denied a motion for acquittal predicated thereon. Without adjudication as a bankrupt within the meaning of the statute, the conviction cannot be upheld, notwithstanding the proof of flagrant concealment of property from the trustee (de facto), and the single inquiry for solution is the legal effect of the bankruptcy record in evidence—whether it is conclusive in the case at bar of such adjudication.

The record of the District Court in bankruptcy—"In the Matter of L. Gilbertson, Bankrupt"—appears in evidence, commencing with the petition of the plaintiff in error, dated and filed June 19, 1906, in the prescribed form, entitled "Debtor's Petition" to be adjudged a bankrupt. It exhibits (1) an order entered the same day, reciting that "the judge of said court was absent from said district at the time of filing said petition," and referring the matters thereof to one of the referees in bankruptcy, which order is in the form prescribed by rule in such case, and signed, "Alford Harrison, Clerk, by John F. Doherty, Deputy;" and (2) an adjudication of the petitioner as a bankrupt, entered by the referee on the same day. Subsequent proceedings appear as well, including the election and qualification of a trustee and various appearances by the bankrupt. On the face of this record adjudication clearly appears in conformity with sections 18f, 18g, and 38 of the bankruptcy act. The only objection raised upon its introduction was to the order of reference—that it was signed by a deputy, and not by the clerk personally; and such objection impresses us to be without merit, in any view of the effect to be given the adjudication. The appointment of a deputy clerk is expressly authorized by section 558, Rev. St. (U. S. Comp. St. 1901, p. 452), in general terms, and the powers of a deputy, as recognized at common law, are thereby implied. The appointee in such case is empowered to perform all ministerial acts of the clerk, as his principal (Throop on Public Officers, § 583; 7 Cyc. 248), and thus to make the order of reference, as the statute directs to be made of course, when the petition is filed in the absence of the District Judge. The clerk is given no discretion nor authority to pass upon the sufficiency of the petition, and performance of the statutory duty is thus made ministerial, not judicial.

On behalf of the plaintiff in error, however, the clerk of the court was called as a witness and testified: That the District Judge, referred to in the above-mentioned bankruptcy record, was "at Superior, Wis.,

holding a term of court," on June 19, 1906, and thus appears to have been within his district, not absent therefrom, as recited in the order of reference. The contention, therefore, that the adjudication by the referee was void, rests upon the twofold assumption that this testimony is admissible and that it invalidates the adjudication.

We are of opinion that such adjudication in bankruptcy is not open to this collateral attack to impeach its validity. The jurisdiction of the District Court, under the bankruptcy act, is completely established in voluntary cases, when the prescribed "debtor's petition" is filed stating cause for adjudication within the act. Under section 2, alike with the provisions in the bankruptcy act of 1867 (Sandusky v. National Bank, 23 Wall. 289, 293, 23 L. Ed. 155), "the District Court, for all the purposes of its bankruptcy jurisdiction, is always open," without separate terms. In re Lemmon & Gale Co., 112 Fed. 296, 50 C. C. A. 247; Brandenburg on Bankruptcy (3d Ed.) § 28. So the District Court acquired jurisdiction of person and subject-matter for all the proceedings in evidence, on the filing of the petition by the plaintiff in error. Having such cognizance for all purposes of adjudication, the subsequent proceedings were clearly within the bankruptcy jurisdiction of that court. The office of referee, created by the act as an arm of the bankruptcy court, is invested with certain judicial powers (section 38), "subject always to a review by the judge," and his proceedings, after the court acquires jurisdiction, are those of the court. Hence the reference to and adjudication by the referee in the case at bar, however erroneous and avoidable on review, are neither void, nor subject to collateral attack, for contradiction or impeachment of the record. This doctrine is fundamental in reference to adjudications of courts of general jurisdiction—see Van Fleet on Collateral Attack, §§ 16, 17, 526; 1 Freeman on Judgments, c. 8; 23 Cyc. 1055—and is like applicable, as we believe to the adjudication of the District Court in bankruptcy, having unlimited and exclusive jurisdiction in the matters thereof. In Edelstein v. United States, 149 Fed. 636, 638, 79 C. C. A. 328, 9 L. R. A. (N. S.) 236, the rule referred to is not only so applied to an adjudication of bankruptcy (with citation of ample authorities), but upheld as well in refernce to such adjudication under a creditors' petition mentioned in the opinion as defective and demurrable—an extension of the rule not involved for consideration in the present case.

The contention that "recitals of fact in a decree may be contradicted as to the facts necessary to give the court jurisdiction," for which numerous authorities are cited—exemplified in Bell v. Bell, 181 U. S. 175, 177, 21 Sup. Ct. 551, 45 L. Ed. 804, and cases there referred to—is without force under the adjudication in question. Neither the rule so stated, nor the cases cited, are inconsistent with the elementary doctrine, recognized therein, that jurisdiction actually acquired by the court bars such impeachment collaterally. In the absence of jurisdiction to entertain a cause, it goes without saying that there can be no valid adjudication beyond dismissal, and that recitals of fact in the record can neither confer jurisdiction nor validate a judgment, although presumptive thereof. So the presumption in favor of the record in such case is distinguished under the authorities referred to from

the rule of conclusiveness which applies when the judgment is within the jurisdiction of a court, and rebuttable by evidence aliunde disproving jurisdiction. The recital of fact, in the present record, of absence of the District Judge, does not affect the jurisdiction of the District Court (acquired on the filing of the petition) to adjudge the petitioner a bankrupt, but relates alone to the course of procedure to that end, within such jurisdiction, and, therefore, not open to collateral attack.

The assignments of error are overruled accordingly, and the judgment of the District Court is affirmed.