**CAJIAFAS et al. v. UNITED STATES.**
No. 5555.

Circuit Court of Appeals, Sixth Circuit.
Feb. 21, 1930.

4

Paul Bairas, of Detroit, Mich., for appellants.

Wm. G. Comb, of Detroit, Mich. (John R. Watkins, of Detroit, Mich., on the brief), for the United States.

Before MOORMAN and HICKS, Circuit Judges, and ANDERSON, District Judge.

HICKS, Circuit Judge.

Appellants, partners, and involuntary bankrupts, were convicted of knowingly and fraudulently concealing money and merchandise from the trustee. Bankruptcy Act 1898 (30 Stat. 554, c. 541, subc. 4) § 29b, cl. (1), USC tit. 11, § 52(b) cl. (1) [11 USCA § 52(b) (1)]. They appealed and assigned errors. We consider only those urged in the brief:

1. It is insisted that the involuntary petition in bankruptcy was inadmissible because defective; that the adjudication was therefore void and the election of the trustee of no effect. The answer is that the adjudication is not open to collateral attack. Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 649, 36 S. Ct. 466, 60 L. Ed. 841; Edelstein v. U. S., 149 F. 636, 638, 9 L. R. A. (N. S.) 236 (C. C. A. 8); Larkin-Green Logging Co. v. Sabin, 222 F. 814, 816 (C. C. A. 9).

2. Keegan, an auditor, testified that during an examination of the bankrupt, Cajiafas, and while Cajiafas was going over the books of the bankrupt with Keegan, the witness, in the library adjoining the courtroom, Cajiafas told witness in substance that he had paid his attorney $1,000 and had kept $1,000. This was objected to upon the ground that it was a privileged statement under section 7, cl. (9) of the Bankruptcy Act (U. S. C. tit. 11, § 25, cl. (9), 11 USCA § 25(9). The difficulty is that the record fails to disclose that the examination of Cajiafas at the time of the alleged statement was being made under the above-mentioned section. If his examination was under section 21a of the Act (USC tit. 11, § 44(a), 11 USCA § 44(a) which seems conceded, the statement was not privileged. McCarthy v. Arndstein, 266 U. S. 34, 42, 45 S. Ct. 16, 69 L. Ed. 158; Goldstein v. U. S., 11 F.(2d) 593, 594 (C. C. A. 5).

3. The objection that Griffith, an accountant and witness for the prosecution, was permitted to testify to the contents of certain books before they were identified is without merit, because the reference to these books by other witnesses, and the use of them by Cajiafas himself, while a witness, satisfactorily identified them as the books of the partnership. In this connection we think that appellants' cash book, being Exhibit 59, was likewise sufficiently identified; and that therefore its introduction was not error.

4. It was not error to permit the introduction of Government's Exhibit 13, a check payable to Cajiafas and Panopoulos and bearing the indorsement of D. Uhler; of Government's Exhibits 29 and 30, two checks payable to cash and bearing the indorsement of Della Uhler; Government's Exhibits 31, 32, 33, and 34, documents relating to the bank account of Della Uhler and the testimony of Edsall touching the purchase by Della Uhler (Mrs. Panopoulos) of wearing apparel valued at about $1,400 in a period of about thirty days shortly before bankruptcy from the J. L. Hudson Company and charged to the bankrupt. Della Uhler became the wife of Panopoulos on October 31, 1926, and this evidence in connection with the exhibits tending to trace partnership assets into her hands was relevant upon the vital question of intentional concealment.

5. The eleventh assignment is overruled. We find no prejudicial error in the scope permitted to the cross-examination of Cajiafas touching the account of the London Canning Company, nor is there any merit in assignments 12, 14, and 15, complaining that cross-examination of appellant was allowed upon matters not gone into on direct examination. The scope of cross-examination upon such matters is within the court's discretion, and we cannot say there was an abuse of it. Davis v. Coblens, 174 U. S. 719, 727, 19 S. Ct. 832, 43 L. Ed. 1147; James v. U. S., 16 F.(2d) 125 (C. C. A. 6).

6. Complaint is made that the court declined to permit Dr. Moisidis to testify that Mrs. Panopoulos paid him certain amounts for medical services, and to permit Mayer, the trustee, to testify that he knew that appellant Panopoulos had turned over certain money to his wife for hospital expenses. Neither assignment is well taken. The record reveals that the court did permit these witnesses to testify touching these matters.

7. It was not error to refuse to give charge 6 offered by the defendants, as the issue which the defendants sought therein to have submitted to the jury was otherwise embraced in and covered by the charge which was given by the court. Furthermore, the case is clearly distinguishable from Reimer-Gross Co. v. United States, 20 F.(2d) 36 (6 C. C. A.), in that there was substantial evidence in this case of the concealment from the trustee by the bankrupts of specific property belonging to the bankrupts' estate.

Upon the whole we find nothing in these assignments affecting the substantial rights of appellants, and the judgment is therefore affirmed.