## GOETZ v. UNITED STATES.
### No. 4732.

Circuit Court of Appeals, Seventh Circuit.
June 10, 1932.

As Amended on Denial of Rehearing July 15, 1932.

Harry G. Hershenson, of Chicago, Ill. (Daniel V. Gallery, of Chicago, Ill., of counsel), for appellant.

George E. Q. Johnson, U. S. Atty., and Joseph A. Struett, Asst. U. S. Atty., both of Chicago, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

Appellant was charged by indictment of three counts with violating the Bankruptcy Act, § 29b (1, 2, 8), 30 Stat. 554, as amended by Act May 27, 1926, § 11, 44 Stat. 665 (11 USCA § 52(b) (1, 2, 8). The first count charged concealment of property from the trustee in bankruptcy; the second charged the making of a false oath in relation to the bankruptcy proceeding; and the third charged withholding from the trustee certain books, documents, and papers belonging to the bankrupt estate. He was convicted by a jury and sentenced to imprisonment on each count, the sentences to run concurrently.

Appellant, after plea of not guilty, filed a motion for a bill of particulars, which was denied, and he took no exception to the ruling. He filed no demurrer or motion to dismiss, but after verdict filed a motion in arrest and also a motion for a new trial, which motions were overruled. He made no specific objection to the instructions, but objected generally to them. The only objections now urged by him are that each count of the indictment is defective on account of insufficiency of facts, and that certain of the court's instructions are erroneous.

It is quite clear that the only question presented for our consideration is whether any count of the indictment is sufficient to withstand the motion in arrest of judgment, for a general objection to instructions avails appellant nothing.

Appellant insists that the first count of the indictment is insufficient because it charges concealment of his equitable interest in various tracts of real estate acquired by him prior to filing his voluntary petition in bankruptcy, which interest was held in

the name of another for appellant's benefit. The basis of this contention is that an equitable interest in real estate is not a subject of concealment. Appellant cites in support of this contention Gretsch v. United States (C. C. A.) 231 F. 57, and Rachmil v. United States (C. C. A.) 43 F. (2d) 878; but that contention was not raised in either case cited. We think the statute in this respect is sufficiently broad to render any property of the bankrupt subject to concealment, and, if there be an improper choice of words to express the charge, the error, if any, is one of form rather than of substance, and it cannot be raised for the first time by a motion in arrest of judgment. The first count also charges the concealment of money, contracts, deeds, and notes, and this is sufficient to render the count valid as against appellant's objection, although the concealment of money may not have been proven.

Appellant further contends that he was not obliged to schedule assets which he had fraudulently transferred prior to filing his petition in bankruptcy, nor was he called upon to reveal that fact to the trustee. With this contention we cannot agree. He cites In re Hennebry (D. C.) 207 F. 882, but that case merely holds that a transfer of property by bankrupt to his wife more than four months prior to the filing of the petition, and which he disclosed at the first hearing, is not such concealment as would bar his discharge. In the case of Rachmil v. United States, supra, cited by appellant, it is stated that unless concealment lasts it ceases to be concealment. In the instant case it is alleged that the concealment continued until almost a year after the trustee was appointed.

Appellant's objections to the second count are failure to allege (1) that the notary public before whom the oath was taken was authorized to administer oaths; (2) that the oath was corruptly taken; (3) the time when the oath was taken; and (4) that the oath was false. The cases cited by appellant relate to the crime of perjury, and the statute defining perjury requires the allegations referred to in objections 1 and 2; but this is not true of the statute under which the instant indictment is drawn.

The second count alleges that on May 22, 1928, appellant filed a false schedule in his bankruptcy proceedings, and that it was under oath, and that he knowingly, willfully, fraudulently, and feloniously omitted certain of his assets from said schedule. This is sufficient so far as the allegation as to the time the oath was taken is concerned. This objection goes to form rather than to substance.

The objection that the count should have alleged a false oath rather than a false schedule is one of form and is without merit. That same subdivision of the statute includes false accounts as well as false oaths, and when bankrupt filed a false account or schedule of his assets under oath he brought himself squarely within the statute.

The objections urged against the third count relate to form and not to substance, and they cannot be considered on a motion in arrest of judgment. Appellant seeks to interpret each count of the indictment in the light of the statute and decisions relating to perjury, and they are not applicable to the instant case.

Judgment affirmed.