### UNITED STATES v. ZIMMERMAN.
### No. 9121.

Circuit Court of Appeals, Seventh Circuit.
Dec. 6, 1946.

A. Bradley Eben, of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., and Raymond L. McClory, Asst. U. S. Atty., both of Chicago, Ill., for appellee.

Before MAJOR, KERNER and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

Defendant was indicted, tried by a jury and found guilty of knowingly and fraudulently concealing from the receiver and trustee of his bankruptcy estate $7,000 in cash, in violation of Sec. 52, sub. b(1), Title 11 U.S.C.A. A judgment was entered in accordance with the jury verdict, from which the defendant has appealed.

The main question raised here is the construction or meaning to be ascribed to the word "conceal" as used in the indictment and in the statutory provision upon which the indictment is predicated. This involves only a legal question which obviates the necessity for any detailed statement of the controverted facts upon which the defendant was found guilty. It is sufficient, therefore, to relate that defendant in May 1940 made an assignment for the benefit of his creditors. On August 29, 1940, he was arrested by certain police officers of the City of Chicago, who upon search found on his person $7,009 in bills of various denominations. On August 31, 1940, an involuntary petition in bankruptcy was filed against the defendant, which alleged among other things the circumstances concerning defendant's arrest, the finding of the money in his possession and that such money belonged to the bankruptcy estate. A receiver was appointed who subsequently became the trustee.

On September 9, 1940, the defendant filed an answer to the creditor's petition, admitting that he had made an assignment for the benefit of his creditors, denying that he intended to conceal from his creditors the sum of $7,000, and asserting that said money had at no time belonged to him but was the property of his mother. On October 26, 1940, the defendant filed in the

bankruptcy proceeding a schedule signed and sworn to by him in which he expressly denied having cash assets. The government introduced at the trial as proof of concealment the answer and schedule thus filed by the defendant.

Other facts and circumstances were proven by the government, as well as by the defendant, relative to the issue as to whether the money belonged to the bankrupt or his mother. The jury, however, by its verdict has found that it belonged to the defendant. It follows that the facts and circumstances bearing upon that issue are irrelevant to the question we are now called upon to decide. For such purpose we must assume, as the jury found, that the money was the property of the defendant.

It must be admitted, we think, that at the time of the institution of the bankruptcy proceedings all parties, including the petitioning creditors and receiver, had actual knowledge of the existence of the money which the police officers had acquired from the defendant. In fact, such knowledge formed the basis for the involuntary petition filed by the creditors, the appointment of a receiver and his demand that the money be turned over to him.

This brings us to defendant's contention that there could have been no concealment of the money when its whereabouts was known to all of the interested parties; in other words, that defendant's false affidavits as to ownership of the money did not prove concealment. On its face, there appears to be merit in the contention, but a study of the statute and the authorities convinces us that it must be denied.

Sec. 1, Title 11 U.S.C.A. of the Bankruptcy Act, contains definitions of numerous terms and phrases employed therein. It defines "conceal" to include "secrete, falsify, and mutilate." Thus it appears from this definition that concealment includes, among other things, falsification.

This court in Goetz v. United States, 7 Cir., 59 F.2d 511, held that failure to schedule an equitable interest in real estate the title to which was held by another was a concealment of such property.

In United States v. Schireson, 3 Cir., 116 F.2d 881, 884, 132 A.L.R. 1157, the de-

fendant, a bankrupt, was convicted for failure to schedule personal property which was in the deposit box of his wife. On review in the Court of Appeals, it was contended that there was a variance between the allegations of the indictment and the proof inasmuch as the former alleged a concealment while the latter showed that the property was held in a secret trust by which only the equitable interest was in the bankrupt. The court, in sustaining the judgment, stated (116 F.2d page 884): "* * * it must be borne in mind that the word 'conceal' does not mean merely to secrete or hide away. It means, also, 'to prevent the discovery of or to withhold knowledge of'. If a bankrupt owned land with an office building on it, it is hardly conceivable that he could physically hide it away. Yet there could be no doubt that he would be concealing this asset from the trustee in bankruptcy by failing to disclose his ownership." Further, the court on the same page stated: "So, here, if the bankrupt falsified his schedule of assets in Philadelphia he 'withheld knowledge of' them from the trustee and thereby concealed them no matter where the goods were located." In that case, as in the instant one, the point was made that making a false oath is an offense in itself and therefore cannot be relied upon to show concealment. In response to this contention, the court stated (116 F.2d page 884): "One answer to this is that a man may frequently suffer two penalties for the same act if that act is the means of committing two offenses. * * * A falsified schedule of assets is the means by which the concealment is accomplished."

In Coghlan v. United States, 8 Cir., 147 F.2d 233, the defendant, a lawyer, was convicted of preparing and filing schedules that were false in that they failed to disclose assets of the bankrupt. True, the prosecution was under a different section of the Criminal Code, but the case is analogous inasmuch as the contention was made that the filing of false schedules did not amount to a concealment. The court, in denying defendant's contention, stated (page 236): "Manifestly, the word is not to be limited in meaning to physical secretion, as contended by defendant. It also

means to prevent discovery or to withhold knowledge by refusing or failing to divulge information." The court then cites with approval the reasoning of the court in the Schireson case, supra.

From these and other authorities which might be cited, it appears that the withholding of knowledge by a bankrupt as to the ownership of property is sufficient to support a charge of concealment, and that the making of false affidavits with reference to such ownership may be utilized as proof of the withholding of such knowledge. It is further contended that the proof is not sufficient to show that the money alleged to have been concealed was that of the bankrupt. The proof in this respect is not as strong as it might be but we think it presented a jury question. This being the case, we are not at liberty to disturb its finding. Another contention is that improper rebuttal testimony was admitted against the defendant. We see little if any merit in this contention and certainly no reversible error.

The judgment appealed from is affirmed.

HUTCHESON, Circuit Judge, dissenting in part.