**UNITED STATES of America**

v.

**Walter Elwood KRAMER, Appellant.**

**No. 12921.**

United States Court of Appeals
Third Circuit.

Argued Oct. 9, 1959.

Reargued April 8, 1960.

Decided June 21, 1960.

Robert F. Banks, Pittsburgh, Pa., for appellant.

Thomas J. Shannon, Asst. U. S. Atty., Pittsburgh, Pa. (Hubert I. Teitelbaum, U. S. Atty., Western District of Pennsylvania, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.

BIGGS, Chief Judge.

The defendant-appellant, the bankrupt Kramer, was found guilty on one count of a multiple count indictment charging him with a violation of 18 U.S.C.A. § 152 in that he concealed assets from a receiver in bankruptcy during the period from December 20, 1957 to March 19, 1958. The evidence presented was clearly sufficient to justify his conviction. Seeking to set aside the judgment of conviction, Kramer attacks the judgment on several grounds. Only two of these

merit discussion. Kramer alleges that neither he nor his wife Dolores, either individually or as partners, were ever properly served with process pursuant to the provisions of Section 18, sub. a of the Bankruptcy Act and that therefore no valid bankruptcy proceedings were ever commenced and consequently he may not be found guilty of concealing assets from a receiver who had no legal existence at the time of the concealment charged in the first count of the indictment.

Section 18, sub. a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 41, sub. a, provides that service of a subpoena shall be made upon the person named as the defendant, or bankrupt, and that, "Such service shall be returnable within ten days, unless the court shall, for a cause shown, fix a longer time, and shall be made at least five days prior to the return day * * *." Section 18, sub. a goes on to provide that " * * * in case personal service cannot be made within the time allowed, then notice shall be given by publication in the same manner as provided by law for notice by publication in suits to enforce a legal or equitable lien in courts of the United States * * *."

The petition of involuntary bankruptcy was filed against Kramer and his wife and against their partnership on December 11, 1957. The subpoena shows on its face that it was attested by the court below on December 11, 1957 and was issued on the same day. Pursuant to Section 18, sub. a the service of the writ was made returnable within ten days, by December 21, 1957, and was required to be made at least five days prior to the return day; *viz.*, by December 16. According to his own testimony the Marshal made his initial attempts at service on December 17, 1957, only four days before the return date, when he tried to serve the subpoena on Passafiume, an attorney who in the past had been employed by Kramer. No attempt was made to serve Kramer personally until December 19, 1957. The attempt to serve Kramer through Passafiume was a nullity even if it had been sought to have been made within the statutory five day period since service must be made on the subpoenaed party himself or upon someone qualified to receive service for him. The Deputy Marshal made a return of N.E.I. on the writ on December 24, 1957. The record discloses no order extending the time for service "for cause shown". It follows, therefore, that personal service was not made or even attempted to be made on Kramer as required by law. It also appears that Kramer was within the jurisdiction and in and about the greater Pittsburgh area from December 11 to December 21, 1957. It is stipulated that Kramer departed for Florida on December 21, 1957.

The testimony of the Deputy Marshal who attempted to serve Kramer personally, received at the trial in the instant case, demonstrates that he made strenuous efforts to locate and serve Kramer with the subpoena while he was still in Pennsylvania, albeit not within the time and in accordance with the specific terms of Section 18, sub. a. Kramer could not be found at his office or the place of his customary abode, and he stated to the Deputy Marshal at a later date that he might have been found at the "Holiday House", a night club near Pittsburgh. The inference could be drawn that he was evading service. It should be noted that if Kramer could have been found effective personal service could have been made upon him by an extension of the return date by the court as provided by Section 18, sub. a.

Personal service not having been made on Kramer, the attorney for the petitioning creditors on December 27, 1957 filed a petition for service on him by publication accompanied by an adequate supporting affidavit. On the same day the court made an order requiring Kramer to appear, to plead, to move, or to answer the petition for involuntary bankruptcy on or before January 10, 1958. The order expressly provided that if on the return day Kramer was in de-

**756**

fault the petitioning creditors should have the relief prayed for in their petition for involuntary bankruptcy. The court required that the order for service by publication should be published in the Pittsburgh Press on or before the 30th day of December, 1957 and that a copy of the order and the subpoena should be mailed to Kramer at his last known address, 224 Lincoln Highway, East McKeesport, Pennsylvania. Publication was made as required by the court's order and a registered letter with the order was sent as required.[1] Kramer did not appear as required and on January 30, 1958 the court below entered an order adjudicating the partnership and the individual partners thereof, Kramer and his wife, Dolores, bankrupts. On the same day the court entered an order appointing the receiver.

Section 18, sub. a provides that service by publication shall not be resorted to unless personal service cannot be made on the alleged bankrupt by the times prescribed by the statute.[2] If the words of the section be construed literally, one would be compelled to conclude that if there was a failure of personal service due to any negligence on the part of the United States Marshal to make the

service or to make the return by the times prescribed, no second attempt at personal service could be valid for the statute makes no specific provision for a second attempt of personal service if the first attempt was invalid or unsuccessful for any reason. The language of the section can also be read as providing that if personal service could have been made on the alleged bankrupt within the state of the bankruptcy court and was attempted but was not made as prescribed by the section and the alleged bankrupt fled the state after that attempt had been made, service could not be made thereafter by publication. Such interpretations would frustrate the obvious purpose of the Bankruptcy Act to distribute equitably the assets of the bankrupt among his creditors. We cannot accept them.

We conclude that if an attempt personally to serve an alleged bankrupt while he is within the state of the bankruptcy court has failed because it was not in accordance with the provisions of Section 18, sub. a and the bankrupt then leaves the state, service may be made by publication. Consequently, the issue of the asserted lack of service so vigorously

---

1. This appears from a copy of the affidavit of service by publication and registered mail signed by Hyman Borvetz, Esquire, now dead, the attorney for the petitioning creditors. The original of the affidavit is not in the record as certified to this court and search by the Clerk of the court below has failed to disclose its whereabouts. Kramer, however, does not attack the validity of the affidavit and it has been stipulated that he "was served by publication in the Pittsburgh Press on December 30, 1957". In addition to the foregoing, a photostatic copy of publication of the order of the court in "The Pittsburgh Press" on December 30, 1957 and an accompanying affidavit of publication dated June 1, 1960, has been certified to this court by the Clerk of the court below.

2. Section 18, sub. a, 11 U.S.C.A. § 41, sub. a, as it existed prior to the 1959 amendment, provided: "Upon the filing of a petition for involuntary bankruptcy, service thereof, with a writ of subpena, shall

be made upon the person therein named as defendant. Upon the filing of a voluntary petition in behalf of a partnership by less than all of the general partners, service thereof, with a writ of subpena, shall be made upon the general partner or partners not parties to the filing of such petition. Such service shall be returnable within ten days, unless the court shall, for cause shown, fix a longer time, and shall be made at least five days prior to the return day, and in other respects shall be made in the same manner that service of summons is had upon the commencement of a civil action in the courts of the United States; but in case personal service cannot be made within the time allowed, then notice shall be given by publication in the same manner as provided by law for notice by publication in suits to enforce a legal or equitable lien in courts of the United States, except that, unless the court shall otherwise direct, the order shall be published only once and the return day shall be five days after such publication."

pressed by Kramer's counsel is without merit.

 Kramer also contends that the petition for involuntary bankruptcy filed against him, his wife, and their partnership, was not attested as required by Section 18, sub. a. In making this contention Kramer attempts a collateral attack on the jurisdiction of the bankruptcy court over the subject matter of the suit. The decisions hold unequivocally that such an attack may not be countenanced in any case against the bankrupt, even in a criminal proceeding, where the indictment has charged the bankrupt with a violation of the Bankruptcy Act. Fairbanks Steam Shovel Co. v. Wills, 1916, 240 U.S. 642, 649, 36 S.Ct. 466, 60 L.Ed. 841; Cajiafas v. United States, 6 Cir., 1930, 38 F.2d 3; Edelstein v. United States, 8 Cir., 1906, 149 F. 636, 9 L.R.A., N.S., 236; and United States v. Freed, C.C.S.D.N.Y.1910, 179 F. 236.

The judgment of conviction will be affirmed.