UNITED STATES of America, Plaintiff-Appellee,

v.

Lawrence J. YOUNG, Defendant-Appellant.

No. 14540.

United States Court of Appeals Seventh Circuit.

Dec. 17, 1964.

John S. Charone, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Powers Crowley, Chicago, Ill. (John Peter Lulinski and William M. Coffey, Chicago, Ill., of counsel), for appellee.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Lawrence J. Young, the defendant-appellant, was convicted, following trial before the court without a jury, on a three count indictment charging him with knowingly and fraudulently making false oaths in relation to Schedules B–1 and B–4, and amended Schedules B–1 and

B–4, of his petition in bankruptcy; and charging knowing and fraudulent concealment of assets from the creditors in the bankruptcy proceeding.[1] He was sentenced to 120 days imprisonment and this appeal followed.

■ The record discloses the defendant failed to schedule his interest as contract vendee in a residence property located at 4543 S. Greenwood Avenue, Chicago, Illinois, and his interest as sole legatee in the estate of Joseph Stary, deceased, then pending in the Probate Court of Cook County, Illinois. These assets were subsequently disclosed in the course of the proceeding. The evidence, viewed in the light most favorable to the government, amply supports the conclusion that the omissions were knowing and intentional and under circumstances establishing intent to conceal.

■■ We perceive no merit in the defendant's contention that the elements of the offenses were not proved because of the subsequent disclosure of the assets before the referee and the trustee's acquisition of knowledge of the existence of said assets. The offenses of making the false oaths were completed when the knowingly false schedules were sworn to and filed. United States v. Schireson, 3 Cir., 116 F.2d 881, 884, 132 A.L.R. 1157. Cf. United States v. Lynch, 7 Cir., 180 F. 2d 696, 700. And the offenses are not expunged by recanting. United States v. Margolis, 3 Cir., 138 F.2d 1002, 1003. The failure to schedule the assets constituted a concealment. Goetz v. United States, 7 Cir., 59 F.2d 511; United States v. Zimmerman, 7 Cir., 158 F.2d 559. Demand on the part of the trustee was not necessary, as defendant urges, in order to establish concealment. Douchan v. United States, 6 Cir., 136 F.2d 144, 146.

■ The evidence viewed in the light most favorable to the government adequately supports the court's finding of guilt. The defendant contends that he was substantially prejudiced by the admission of testimony on collateral issues but he does not specify the evidence ob-

jected to or improperly admitted. The generality of his bare assertion does not present a reviewable issue for our consideration. We will not search the record for specific errors. Dranow v. United States, 8 Cir., 307 F.2d 545. And our examination of the record satisfies us that the convictions have not resulted in manifest injustice.

The judgment order appealed from is affirmed.

Affirmed.

---

1. The counts allege violations of 18 U.S.C.A. § 152.