**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph P. ABRAHAM, Defendant-
Appellant.**

**No. 14750.**

United States Court of Appeals
Seventh Circuit.

June 15, 1965.

Rehearing Denied July 26, 1965.
(En Banc).

A. Bradley Eben, Edward Atlas, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Robert S. Atkins, Irwin I. Katz, Asst. U. S. Attys., Chicago, Ill., for appellee, Arthur D. Rissman, Asst. U. S. Atty., of counsel.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

The defendant, Joseph P. Abraham, was convicted, after a jury trial, on an indictment charging him with filing a false claim under oath in a bankruptcy

proceeding.[1] He was sentenced to imprisonment for a period of eighteen months.

The contested issues presented by the defendant's appeal concern, among other things, the sufficiency of the evidence to support the conviction, whether the court erred in its rulings on the admissibility of evidence and in instructing the jury, whether improper prejudicial argument of the prosecutor deprived defendant of a fair trial, and whether suppression of evidence by the prosecution deprived the defendant of due process.

■ In our consideration of defendant's contentions that the evidence is insufficient to sustain the conviction we must view the evidence and draw the inferences therefrom in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680.

The indictment charged defendant with filing a false claim under oath on July 28, 1958, in a bankruptcy proceeding in which Lurie Bros., Inc., had been adjudicated a bankrupt. Lurie Bros. was a retailer of household appliances. The claim was alleged to be false in that one of the invoices attached thereto set forth and claimed $2,328.00 due the defendant for advertising for "Radio schedule for May on station WEAW" whereas the true indebtedness for such item was for no more than $720.00. A Bill of Particulars furnished by the government in response to defendant's request for specification as to the basis on which the amount of $720.00 was arrived at, set forth that the number of radio spots (commercial announcements) used on station WEAW for Lurie Bros. during the month of May, 1958, was determined from the station's records; that the rate between the station and the defendant was a matter of private contract as was the rate between defendant and Lurie Bros.; and that both such rates were determined from a course of conduct during the period preceding May, 1958.

■ From our review of the record we are satisfied that there is ample evidence from which the jury could have concluded that the rate Lurie Bros. actually paid the defendant, an advertising representative, for spot announcements on station WEAW was $3.00 per spot but that the defendant submitted invoices to Lurie Bros., apparently originating from the radio station but actually prepared by the defendant, which through inflation of the charges indicated a $6.00 rate, and that such billing device was followed so as to enable Lurie Bros. to obtain payment of its entire advertising expenditures from advertising allowances made to it by appliance distributors which were intended to cover only a percentage (usually 50% but in a few instances 75%) of the amount expended by Lurie Bros. in advertising the distributor's product.

One of defendant's contentions is, in substance, that the record supports the conclusion that both Lurie Bros. and the appliance distributors knew of the billing device, but even if it be conceded that the distributors did not have such knowledge, the fact that the defendant and Lurie Bros. may have been defrauding the distributors does not make defendant's claim false or fraudulent as to Lurie Bros. But this argument overlooks the fact that, in any event, if as the record indicates, Lurie Bros. was obligated to pay the defendant only some $720.00 for the 240 spot announcements actually made over station WEAW in May, 1958, the $2,328.00 claim filed for such item was false and fraudulent as to the bankrupt estate and its other creditors.

A defense witness testified that the defendant had been directed to bill all types of advertising under the heading of radio advertising. But this was inconsistent with the prior statement of the witness that he had no knowledge of

<hr>

1. A violation of 18 U.S.C.A. § 152, which prior to its amendment in 1960, required that the false claim be made under oath.

the affairs of Lurie Bros. The jury evidently did not believe that witness.

■ There was evidence that the defendant employed a like billing device in connection with the radio advertising he procured for another appliance dealer. Defendant assails the admissibility of this evidence on the basis that it constitutes proof of another offense. But it was relevant here both as explanatory of the circumstances of the crime charged and to show intent. United States v. Spatuzza, 7 Cir., 331 F.2d 214, 217; United States v. Iacullo, 7 Cir., 226 F.2d 788, 793. Moreover, whatever overtones of other offenses were inherent in the evidence so adduced it was admissible as relevant to show the "course of conduct" which establishes the rate governing what the defendant was to be paid in connection with the radio spot announcements.

■ The defendant contends that the government failed to prove that the claim filed by the defendant was made under oath. The proof of claim commences with the words: "Joseph P. Abraham * * * being duly sworn, deposes and says" and concludes with a notarization consisting of a jurat, seal, and signature of a notary public. It shows on its face that it was subscribed and sworn to before a notary public and a presumption arises from the paper itself that the defendant took the oath and that the notary public in the performance of official duty, administered it. United States v. Lynch, 7 Cir., 180 F.2d 696, 701. And, there is nothing in the record to indicate to the contrary.

■ In response to a demand by the defendant that the government produce "any information as to any witness who might be favorable" to the defendant the government tendered a list of people it had contacted. Defense counsel then asserted that he was entitled to be informed of the potential testimony which might be derived from these people and whether or not such testimony would be favorable to the defendant. Defendant's reliance upon Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, in this connection is misplaced. In Brady a confession by a co-defendant was suppressed by the prosecutor. Here there is no showing that the government's refusal to elaborate upon the list it furnished was a suppression by the prosecution of evidence material either to guilt or punishment. The defendant has failed to demonstrate that the government suppressed any evidence or that there would have been any additional material testimony which would have been favorable to the defendant.

■ The comments of the prosecutor in summation to the jury complained of by the defendant are all relevant to the issue of intent, and all of the remarks made appear to be reasonable interpretations and comments concerning evidence in the record or reasonable inferences which might be drawn therefrom. And much of what defendant now points to was not objected to at the time. We perceive no basis for a reversal grounded on improper prejudicial argument.

We have considered the instructions and taken as a whole they are adequate. We find no reversible error in the instructions given.

We have considered various other arguments advanced by the defendant but find them to be without merit.

The judgment order appealed from is affirmed.

Affirmed.