UNITED STATES of America,
Plaintiff-Appellee,

v.

Lester VANDERBERG, Defendant-Appellant.

No. 15385.

United States Court of Appeals
Seventh Circuit.

March 7, 1966.

---

4. The witness testified that in such case "there is substantially no vibration."

E. Campion Kersten, Milwaukee, Wis., for appellant.

James B. Brennan, U. S. Atty., Thomas R. Jones, Asst. U. S. Atty., Milwaukee, Wis., William M. Coffey, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before SCHNACKENBERG, CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

Lester Vanderberg, defendant-appellant, was tried to the court without a jury on an indictment charging him with violating 18 U.S.C.A. § 152. He was con-

victed on a count charging him with knowingly and fraudulently concealing an account receivable in the amount of $152.50, from the receiver, the trustee, and the creditors in the bankruptcy proceeding he initiated by filing a voluntary petition. Defendant was sentenced to 60 days imprisonment and fined $1000.

Defendant seeks reversal of his conviction on the basis of contentions that (1) absence of verification under oath from his voluntary bankruptcy petition is such a jurisdictional defect in his adjudication as a bankrupt as precludes his conviction for concealment of assets in a bankruptcy proceeding; (2) the evidence is insufficient to support the conviction; and (3) the indictment is invalid for failure to specify the manner of the alleged concealment. In the alternative the defendant urges that the sentence be reduced as excessive.

Bankruptcy petitions are required to be verified under oath. Section 18(c) of the Bankruptcy Act (11 U.S.C.A. § 41(c)). And, by virtue of subsection (f) of the same section, the filing of a voluntary petition operates as an adjudication of bankruptcy.

The defendant filed an original and an amended voluntary petition. Each petition on its face purported to be verified by him under oath but the notary who executed the jurats testified that in neither instance was the defendant put under oath. It appears from the notary's testimony that on both occasions the defendant was asked to read the petition and sign it if correct. Defendant acknowledged his signature before the notary but no oath was administered and he did not swear to or affirm the contents of the petitions.

■ The defendant asserts that under the provisions of Section 18(f) a voluntary petition verified under oath is necessary to effect the adjudication of bankruptcy and that an adjudication is a prerequisite element of the offense defined in 18 U.S.C.A. § 152, with which the defendant was charged and stands convicted. But verification of a bankruptcy petition is not jurisdictional in the strict

sense. This was recognized in In re Royal Circle of Friends Bldg. Corporation, 7 Cir., 159 F.2d 539, 541, which involved a direct attack upon an order approving a Chapter X (11 U.S.C.A. § 501 et seq.) petition, and in which it was held that absence of verification is a defect which is subject to waiver by the party for whose benefit the verification is required, or to being cured by amendment. And it is the non-jurisdictional character of the defect of lack of verification which precludes it from affording a basis for a collateral attack on the adjudication of bankruptcy in a criminal prosecution for the concealment of assets. Gilbertson v. United States, 7 Cir., 168 F. 672, 674; United States v. Kramer, 3 Cir., 279 F.2d 754, 757, 83 A.L.R.2d 698.

*Gilbertson* was a prosecution for concealing assets from the trustee in a voluntary bankruptcy proceeding. On appeal from the conviction it was contended that the order of adjudication was invalid because of a defect in the order referring the petition to the referee for adjudication, a procedure for adjudication under the then existing law. This Court recognized that without an adjudication of bankruptcy the conviction could not be upheld but went on to state (168 F. 672, 674) that:

"We are of opinion that such adjudication in bankruptcy is not open to this collateral attack to impeach its validity. The jurisdiction of the District Court, under the bankruptcy act, is completely established in voluntary cases, when the prescribed 'debtor's petition' is filed stating cause for adjudication within the act. * * *

So the District Court acquired jurisdiction of person and subject-matter for all the proceedings in evidence, on the filing of the petition by the plaintiff in error. Having such cognizance for all purposes of adjudication, the subsequent proceedings were clearly within the bankruptcy jurisdiction of that court. * * *

Hence the reference to and adjudication by the referee in the case at bar, however erroneous and avoidable on review, are neither void, nor subject to collateral attack, for contradiction or impeachment of the record."

██ *Kramer* was a prosecution for concealing assets of a bankrupt estate from the receiver in an involuntary bankruptcy proceeding. The defendant was convicted and on appeal contended that the conviction should be reversed because although the petition on its face purported to be verified before a notary public the petitioning creditors had not, in fact, subscribed to the petition before the notary. The Court, in affirming the conviction, held (279 F.2d 754, 757):

"In making this contention Kramer attempts a collateral attack on the jurisdiction of the bankruptcy court over the subject matter of the suit. The decisions hold unequivocally that such an attack may not be countenanced in any case against the bankrupt, even in a criminal proceeding, where the indictment has charged the bankrupt with a violation of the Bankruptcy Act. Fairbanks Steam Shovel Co. v. Wills, 1916, 240 U.S. 642, 649, 36 S.Ct. 466, 60 L.Ed. 841; Cajiafas v. United States, 6 Cir., 1930, 38 F.2d 3; Edelstein v. United States, 8 Cir., 1906, 149 F. 636, 9 L.R.A.,N.S., 236; and United States v. Freed, C.C.S.D.N.Y. 1910, 179 F. 236."

In our opinion an adjudication in bankruptcy is presumed to be regular and valid (Edelstein v. United States, 8 Cir., 149 F. 636, 9 L.R.A.,N.S., 236) and, although it may be shown to be invalid in a direct proceeding for that purpose, it may not be attacked collaterally in a criminal proceeding where, as here, the record of adjudication shows upon its face a duly executed, verified, and filed voluntary petition.

██ It is the non-jurisdictional nature of the defect here involved which precludes its successful assertion by way of collateral attack on the adjudication of bankruptcy with a resultant bar to or upsetting of a conviction for concealment of assets. It is not, as defendant urges, an invocation of the doctrine of "waiver" (which doctrine can have application in a direct review of a bankruptcy adjudication) which here serves to bar the attack defendant seeks to make. Consequently, the defendant's ingenious but tenuous argument that to sustain his conviction would be to sanction a violation of his right to due process of law, i. e., permit that he, at the option of his creditors, be prosecuted and found guilty of a crime, is to no avail. It is immaterial here what rights the creditors may have in a direct review of defendant's adjudication as a bankrupt to waive or assert the defect in verification.

██ In our consideration of defendant's contention that the evidence is insufficient to support his conviction we must view the evidence, together with the reasonable inferences which may be drawn therefrom, in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Abraham, 7 Cir., 347 F.2d 395, 396. The record so viewed convinces us that there is ample support for the court's finding of guilt.

The record discloses that in his voluntary petition in bankruptcy, filed November 13, 1963, (and in an amended petition subsequently filed) the defendant did not list an account receivable from Northwood Mink Farms of Cary, Illinois, in the amount of $152.50, due for some low-quality potatoes sold to Northwood for mink feed. The potatoes had been delivered to Northwood from Spring Green, Wisconsin, in September of 1963. On November 29, 1963, the defendant wrote Northwood requesting payment of the account. At the first meeting of creditors, December 5, he did not inform the trustee or the creditors of the account, but five days later the defendant personally traveled from his home at Antigo, Wisconsin, to Cary, Illinois, procured a check from Northwood in payment of the account, and cashed the check at Cary. Although the

defendant testified that he had borrowed $150 from his brother, Ray Vanderberg, in September in order to pay for the labor involved in the harvesting and marketing of the potatoes, that he assigned the account receivable to his brother, and turned the amount collected from Northwood over to the brother within a week after its receipt, there is no independent evidence to support any assignment of the account. Moreover, there is testimony that when the brother was initially interviewed concerning the matter he confirmed that he had made loans to the defendant but stated he did not remember this transaction. The trial court was not bound to believe the defendant or to accept the brother's testimony at the trial that he had loaned $150 to the defendant in September 1963, that defendant at that time agreed to turn over the money from Northwood when it was received, that defendant gave him the $152.50 near Christmas, but that the witness carried it around in his pocket until January 20, 1964, when he deposited $150 in his bank account, as shown in his passbook.

We conclude, on this phase of the appeal, that the record supports the trial court's conclusion that defendant knowingly and fraudulently concealed the asset in question in violation of 18 U.S. C.A. § 152.

■■ Defendant contends the indictment is fatally defective for failure to specify the manner in which the account described therein was concealed. No pretrial motion attacking the sufficiency of the indictment was made. Consequently, it is immune from such an attack unless it is so obviously defective as not to charge the offense by any reasonable construction. Klein v. United States, 7 Cir., 204 F.2d 513, 514. Such is not the

case. Count I of the indictment charged defendant with making a false oath [1] in relation to Schedule B-2 of his petition by omitting the Northwood account. It described and identified the account in the same manner in which it is described and identified in Count II which charges the account's concealment. Reasonably construed the indictment charges concealment by failure to schedule. Cf. United States v. Young, 7 Cir., 339 F.2d 1003; United States v. Zimmerman, 7 Cir., 158 F.2d 559; Goetz v. United States, 7 Cir., 59 F.2d 511.

■ Moreover, we are of the opinion the indictment meets the test for sufficiency recognized as critical in Russell v. United States, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 8 L.Ed.2d 240 and United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92. It contains the elements of the offense intended to be charged, sufficiently apprises the accused of what he must be prepared to meet, and enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense. An indictment for a violation of 18 U.S.C.A. § 152 need not allege evidentiary facts showing the manner of the concealment. Pallett v. United States, 5 Cir., 228 F.2d 671.

■ The penalties imposed by the sentence of the court, a $1000 fine and a 60 day imprisonment, are well within the $5000 fine and five years imprisonment authorized to be imposed as punishment for the offense involved. We are aware of no basis under which we should or could disturb the trial court's discretion in fixing the punishment it deemed meet.

The judgment order of conviction and sentence is affirmed.

Affirmed.

1. Count I was dismissed at the close of the government's evidence when it became evident from the notary's testimony that the defendant had not been sworn upon oath.