**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESSE JOSEPH MAYNARD,

    Defendant - Appellant.

No. 04-6071
(D.C. Nos. 02-CV-1580-R and
98-CR-164-R)
(W.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

---

Petitioner-Appellant Jesse Joseph Maynard, a federal inmate appearing pro se, seeks to appeal from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. In order to merit a certificate of appealability (COA), Mr. Maynard must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, Mr. Maynard must demonstrate that reasonable jurists would find the district court's resolution of the constitutional issues contained in his motion debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Because we determine that Mr. Maynard has

not made such a showing, we deny a COA and dismiss the appeal. In view of our resolution, we deny Mr. Maynard's motion for release pending review. Fed. R. App. P. 23(b).

On September 1, 1999, Mr. Maynard was convicted by jury of conspiracy, 18 U.S.C. § 371, concealment of the assets of a bankruptcy estate, 18 U.S.C. §§ 152 and 2, and embezzlement against a bankruptcy estate, 18 U.S.C. §§ 153 and 2. He was subsequently sentenced to 78 months in prison, and this court affirmed the conviction on June 20, 2001. See United States v. Maynard, No. 00-6082, 2001 WL 690392 (10th Cir. June 20, 2001).

Mr. Maynard filed his § 2255 motion in the district court on October 25, 2002. After thoroughly examining the issues raised by Mr. Maynard and the trial record including the transcript, the district court denied Mr. Maynard's motion on January 6, 2004. Mr. Maynard subsequently filed an application for a COA with the district court. The district court failed to act on this application. Thus, pursuant to the Tenth Circuit Emergency General Order of October 1, 1996, the application was deemed denied. Mr. Maynard then made timely application for a COA with this court.

In his application for a COA, Mr. Maynard seeks to appeal the following contentions rejected by the district court on the merits: (1) the bankruptcy court and district court lacked subject matter jurisdiction; (2) the bankruptcy court and

- 2 -

district court compromised his due process rights under the Fifth Amendment by denying his jurisdictional challenge without a hearing; (3) he was denied constitutionally effective assistance of counsel. Aplt. Appl. for COA at 3; Aplt. Opening Br. at i. Having carefully considered the materials, we do not believe that the district court's determinations are fairly debatable.

Mr. Maynard first posits in his application that the district court lacked subject matter jurisdiction over the offenses charged in the indictment. He argues that, because First American Casualty Company ("FACC"), the debtor in the underlying bankruptcy petition, was a foreign corporation, the bankruptcy court lacked jurisdiction, and, consequently, jurisdiction could not lie for the criminal charges levied against Mr. Maynard, FACC's President. The district court concluded that Mr. Maynard's collateral attack of the bankruptcy proceeding offered no defense to his subsequent criminal conviction. This conclusion is not fairly debatable. "[S]uch an attack may not be countenanced in any case against the bankrupt, *even in a criminal proceeding*, where the indictment has charged the bankrupt with a violation of the Bankruptcy Act." United States v. Kramer, 279 F.2d 754, 757 (3d Cir. 1960)(emphasis added). Moreover, it appears from the record that Mr. Maynard voluntarily sought the protection of the bankruptcy court, signing the Chapter 11 petition on behalf of FACC. Under such circumstances, Mr. Maynard is estopped from raising this attack where the record

discloses a valid petition.  See United States v. Vanderberg, 358 F.2d 6, 9 (7th Cir. 1966).

Mr. Maynard next asserts that, because both the bankruptcy court and the district court denied his jurisdictional challenge without a hearing, his rights to due process under the Fifth Amendment to the Constitution were in some manner compromised.  Mr. Maynard argues that Fed. R. Civ. P. 44.1, relevant to parties seeking to raise an issue of foreign law, mandates that the court of first instance suspend proceedings and conduct a hearing to determine the jurisdictional issue.  Mr. Maynard first raised this issue, tangentially, as part of his claim of ineffective assistance of counsel, arguing that counsel was ineffective in pursuing a hearing on the matter.  The district court, addressing the timing of the trial court's denial of a motion to quash the indictment on the basis of jurisdiction, found no prejudice in that the motion lacked all merit.  As  we have noted above, the district court's conclusion on this issue is not fairly debatable.  Moreover, Mr. Maynard has failed to point to any authority, including Rule 44.1, that supports his broad assertion that a court is required to hold a hearing on the jurisdictional issue.  As we have noted in other contexts, courts have wide discretion in structuring their consideration of jurisdictional challenges.  See Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  Especially given the nature of Mr. Maynard's claim, the district court was competent to dispose of the issue without

a hearing.

In his final claim, Mr. Maynard reasserts that he was denied effective assistance of counsel at both the trial and appellate level. Specifically, Mr. Maynard alleges that counsel was ineffective in failing to raise the issue of pre-indictment delay, file pre-trial motions, provide a defense strategy, safeguard Mr. Maynard's right to a fair trial and right to be heard, file post-trial motions, adequately represent Mr. Maynard at sentencing, and provide effective assistance as appellate counsel. Aplt. Appl. for COA at 3. In order to prevail on an ineffective assistance of counsel claim, Mr. Maynard must show that his counsel's representation fell below an objective standard for attorney behavior and "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). The district court concluded, after an exhaustive discussion, that Mr. Maynard could not show deficient performance or prejudice or both. When viewed against the backdrop of our resolution of Mr. Maynard's direct appeal, the district court's conclusion is not fairly debatable.

Finally, Mr. Maynard contends that the district court misunderstood the facts regarding a $270,000 reinsurance refund at issue in his criminal trial. See Aplt. Appl. for COA at 11. We disagree. In raising this issue, Mr. Maynard reiterates an argument that proved unsuccessful on direct appeal. The district

court's recitation of the facts is entirely in keeping with those previously identified by this court. See Maynard, 2001 WL 690392, at *1-2. As the district court was bound by this court's prior determination, so too are we.

Finally, on September 3, 2004, Mr. Maynard filed a Fed. R. App. P. 28(j) supplemental authority letter seeking to raise (for the first time) a Sixth Amendment challenge to his sentence based on the Supreme Court's decision in Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004). Prior to the letter of September 3, Mr. Maynard did not challenge the district court's ability to determine the facts resulting in his sentence calculation. We have previously refused to consider an issue asserted for the first time in a Rule 28(j) letter. See United States v. Kimler, 335 F.3d 1132, 1138 n.6 (10th Cir. 2003). In that Mr. Maynard did not seek permission to file a brief properly raising the Blakely issue, we decline to consider the matter further. See United States v. Maldonado-Ramires, ___ F.3d ___, No. 03-1458, 2004 WL 2181755, at *3 n.1 (10th Cir. Sept. 29, 2004).

Accordingly, Mr, Maynard's motion for release pending review is DENIED, the application for a COA is DENIED and the appeal is DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge